In the Matter of the Complaint of
**SCRANTON INDUSTRIES, INC., a**
corporation for Exoneration or Limitation of Liability as Owner of the
**FERRYBOAT "SCRANTON".**

No. 68 Civ. 2812.

United States District Court,
S. D. New York.

April 28, 1972.

Whitney North Seymour, Jr., U. S.
Atty., by Gilbert S. Fleischer, Philip A.
Berns, Warren A. Schneider, Dept. of
Justice, New York City, for the United
States.

Dougherty, Ryan, Mahoney, Pellegrino
& Giuffra by Lawrence J. Mahoney,
William J. McAndrews, New York City,
for Scranton Industries, Inc.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

On January 1, 1968, Ferryboat SCRANTON sank in the navigable waters of the Hudson River off Hoboken, New Jersey. When its owners declined to remove the boat the Army Corps of Engineers, finding it a menace to navigation, had it removed at a cost of $131,335. Meanwhile, the owners filed a petition for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 183–185 and Rule F of the Admiralty Rule. Judge Bonsal, on July 10, 1968, issued an order restraining the commencement or prosecution of all suits to recover damages for loss resulting from this casualty. The United States filed a claim for the estimated costs of removal on August 12, 1968. The owners allege that the Ferryboat SCRANTON immediately after the sinking had no value.

The Government, having previously reserved this right, now moves for a declaration that a civil action for the costs of removal is not subject to the restraining order. This issue is basically the same as that presented in In Matter of Complaint of Chinese Maritime Trust, Ltd., D.C., 361 F.Supp. 1175, decided this date.

For the same reasons as in *Chinese Maritime Trust, Ltd.* we find that the government's claim, if proved, would not be subject to limitation, and that therefore the government should not be restrained from recovering the costs of the wreck removal in a separate proceeding. We do not decide, contrary to the fears of the SCRANTON'S owners, that the government is entitled to summary judgment or judgment on the pleadings in

its action for costs. The government must still establish the owners' negligence in the ferryboat's sinking to recover under 33 U.S.C. § 409 (Rivers and Harbors Act), a question of fact that will be determined in the separate proceeding. See Wyandotte Transportation Co. v. United States, 389 U.S. 191, 88 S. Ct. 379, 19 L.Ed.2d 407 (1967); United States v. Moran Towing & Transportation Co., 409 F.2d 961 (4th Cir. 1969). All we hold is that the government's claim is not limitable as a matter of law and that the government may attempt to prove that claim outside the limitation proceeding.

This case differs from *Chinese Maritime Trust, Ltd.* in that it is possible the government's action for the costs of wreck removal will be brought in the same district as the limitation proceeding. If this happens, either party remains free to move for consolidation or joint trial if it appears that the action for removal costs and the limitation proceeding involve common questions of law and fact. Rule 42, Fed.R.Civ.P.

Submit order on 5 days notice.