Richard **MACKENSWORTH**

v.

**AMERICAN TRADING TRANSPORTATION CO.**

Civ. A. No. 73-943.

United States District Court,
E. D. Pennsylvania.

Nov. 19, 1973.

Cohen & Lore, Harry Lore, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Byrne, E. Alfred Smith, T. J. Mahoney, H. Wallace Roberts, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

EDWARD R. BECKER, District Judge.

The motion now before us
has stirred up a terrible fuss.

And what is considerably worse,
it has spawned some preposterous
    doggerel verse.

The plaintiff, a man of the sea,
after paying his lawyer a fee,
filed a complaint of several pages
to recover statutory wages.[1]

The pleaded facts remind us
    of a tale that is endless.
A seaman whom for centuries
    the law has called "friendless"
is discharged from the ship before
    voyage's end
and sues for lost wages, his finances
    to mend.

The defendant shipping company's
    office is based in New York City,
and to get right down to the nitty
    gritty,
it has been brought to this Court by
    long arm service,[2]
which has made it extremely nervous.

Long arm service is a procedural tool
founded upon a "doing business"
    rule.
But defendant has no office here,
    and says it has no mania
to do any business in Pennsylvania.
Plaintiff found defendant had a ship
    here in June '72,
but defendant says that ship's business is through.
Asserting that process is amiss,
it has filed a motion to dismiss.

Plaintiff's counsel, whose name is
    Harry Lore,
read defendant's brief and found it
    a bore.
Instead of a reply brief, he acted
    pretty quick
and responded with a clever limerick:

> "Admiralty process is hoary
> With pleadings that tell a sad
>     story
> Of Libels in Rem—

---

1. In nautical terms, the wage statute is stowed at § 594 of 46 U.S.Code.

2. Long arm service is effected, not by stealth, but through the Secretary of the Commonwealth.

The bane of sea-faring men
The moral:
Better personally served than
be sorry."
Not to be outdone, the defense took
the time
to reply with their own clever rhyme.
The defense counsel team of Mahoney, Roberts, & Smith
drafted a poem cutting right to the
pith:
"Admiralty lawyers like Harry
Both current and those known
from lore
Be they straight types, mixed
or fairy
Must learn how to sidestep
our bore.
For Smith, not known for his
mirth
With his knife out for Mackensworth
With Writs, papers or Motions to Quash
Knows that dear Harry's position don't wash."
Overwhelmed by this outburst of
pure creativity,
we determined to show an equal proclivity.
Hence this opinion in the form of
verse,
even if not of the calibre of Saint-John Perse.
The first question is whether, under
the facts,
defendant has done business here to
come under Pennsylvania's long
arm acts.[3]
If we find that it has, we must reach
question two,

whether that act so applied is constitutional under Washington
v. International Shoe.[4]
Defendant runs a ship known as
the SS Washington Trader,
whose travels plaintiff tracked
as GM is said to have followed
Nader.
He found that in June '72 that ship
rested its keel
and took on a load of cargo here
which was quite a big business
deal.

In order for extraterritorial jurisdiction to obtain,
it is enough that defendant do a single act in Pa. for pecuniary
gain.
And we hold that the recent visit of
defendant's ship to Philadelphia's port
is doing business enough to bring
it before this Court.

We note, however, that the
amended act's grammar [5]
is enough to make any thoughtful
lawyer stammer.
The particular problem which deserves mention
is whether a single act done for pecuniary gain also requires a future intention.

As our holding suggests, we believe the answer is no,
and feel that is how the Pa. appellate
cases will go.
Further, concerning § (a)(3)'s
"shipping of merchandise"

---

3. Designed to relieve the plaintiff's service
burdens,
Pennsylvania's latest long arm law may be
found at § 8309 of 42 Purdon's.

4. That decision of the Supreme Court of
Courts
may be found at page 310 of 326 U.S. Reports.
[66 S.Ct. 154, 90 L.Ed. 95]

5. The words of the statute are overly terse,
still we will quote them, though not in
verse:

(a) General rule.—Any of the following
shall constitute "doing business" for the
purposes of this chapter:

. . . . .

(2) The doing of a single act in this
Commonwealth for the purpose of thereby
realizing pecuniary benefit or otherwise
accomplishing an object with the intention
of initiating a series of such acts.

(3) The shipping of merchandise directly
or indirectly into or through this Commonwealth.
42 Pa. S. § 8309.

the future intention doctrine has already had its demise.[6]

We do not yet rest our inquiry,
for as is a judge's bent,
we must look to see if there is precedent.[7]

And we found one written in '68 by three big wheels
on the Third Circuit Court of Appeals.

The case, a longshoreman's personal injury suit,
is Kane v. USSR,
and it controls the case at bar.

It's a case with which defendants had not reckoned,
and may be found at page 131 of 394 F.2d.

In *Kane*, a ship came but once to pick up stores
and hired as agents to do its chores
a firm of local stevedores.

Since the Court upheld service on the agents,
the case is nearly on all fours,
and to defendant's statutory argument
*Kane* closes the doors.

Despite defendant's claim that plaintiff's process is silly,
there have been three other seamen's actions against defendant, with service in Philly.

And although they might have tried to get the service corrected,
the fact of the matter is they've never objected.[8]

We turn then to the constitutional point,
and lest the issue come out of joint,
it is important that one thought be first appended:
the reason the long arm statute was amended.

The amendment's purpose was to eliminate guess
and to extend long arm service
to the full reach of due process.[9]

And so we now must look to the facts
to see if due process is met by
sufficient "minimum contacts."[10]

The visit of defendant's ship is not yet very old,
and so we feel constrained to hold
that under traditional notions of substantial justice and fair play,[11]
defendant's constitutional argument does not carry the day.

This Opinion has now reached its final border,
and the time has come to enter an Order,
which, in a sense, is its ultimate crux,
but alas, plaintiff claims under a thousand bucks.

So, while trial counsel are doubtless in fine fettle,
with many fine fish in their trial kettle,
we urge them not to test their mettle,

---

6. *See* Aquarium Pharmaceuticals Inc. v. Industrial Pressing and Packaging (E.D.Pa. 1973).
Prospects for suit on a single goods shipment are decidedly greener
because of the *Aquarium* decision of Judge Charles R. Weiner,
holding that, in a goods shipment case no future intention is needed;
the message of *Aquarium* we surely have heeded.
Anyone who wishes to look *Aquarium* up can find it at p. 441 of 358 F.Supp.

7. We thus reject the contention that
one of the judicial vices
is too much reliance on *stare decisis*.

8. Berrios v. American Trading & Production Co. (AT&P) (defendant's predecessor), C.A. 68–47;
Gibson v. AT&P, C.A. 68–1466.
And in Battles v. AT&P., C.A. 73–102,
in this very annum,
service on the Secretary of the Commonwealth
was authorized by Judge John B. Hannum.

9. *See* Aquarium Pharmaceuticals Inc. v. Industrial Presing & Packaging, *supra*, at 444.

10. *See* International Shoe v. State of Washington, *supra*, at 316.

11. *See* id.

because, for the small sum involved, it makes more sense to settle.

In view of the foregoing Opinion, at this time

we enter the following Order, also in rhyme.

### ORDER

Finding that service of process is bona fide,

the motion to dismiss is hereby denied.

So that this case can now get about its ways,

defendant shall file an answer within 21 days.