### ELIAS et al. v. PITUCCI et al.
#### Civ. A. 9675.

United States District Court
E. D. Pennsylvania.
May 28, 1952.

Ned Stein, Philadelphia, Pa., for plaintiff.

Walter A. Herley, Coatesville, Pa., for F. W. Potters and L. Maddox.

Joseph A. Girone, Alex Bonnie, Philadelphia, Pa., for G. S. Pitucci.

WELSH, District Judge.

In connection with the motion of defendant, Pitucci, to set aside the default heretofore entered against him, the following facts appear:

The complaint together with the summons was filed on May 13, 1949 and service was made on the defendant, Pitucci, on May 17, 1949. An appearance on behalf of said defendant was entered on June 1, 1949. Due to the mistake of prior counsel for the defendant, Pitucci, said defendant

failed to answer within 20 days as required by the Rules. On the basis of an affidavit of default filed by the plaintiffs' counsel a default was entered against the defendant, Pitucci, on November 13, 1950. The above-entitled case was listed for trial for November 19, 1951, and in connection therewith, as is customary, a pre-trial conference was scheduled for November 13, 1951. Prior to November 13, 1951, notice of the trial listing and the pre-trial conference was transmitted to and received by counsel in the case. It was shortly after the receipt of said notice (still prior to November 13, 1951) that Joseph A. C. Girone, Esquire, who had become counsel for defendant, Pitucci, replacing prior counsel, learned for the first time that a default had been entered in the case and that the trial listing was solely for the assessment of damages. A motion to set aside the default was prepared by Mr. Girone and a copy of same was sent to counsel for plaintiffs. At the pre-trial conference on November 13, 1951, Mr. Girone had in his possession said motion to set aside the default and Mr. Stein, counsel for plaintiffs, had in his possession a copy of same. Upon learning that counsel for defendant, Pitucci, intended filing a motion to set aside the default, this Court had the case taken off the trial list, and advised counsel to present the motion to it, if unopposed, on a motion day or, if opposed, on an argument day. Mr. Girone was advised by counsel for plaintiffs that the motion would be opposed and was advised by the Clerk of Court that the next argument day was scheduled for April 28, 1952. Under such circumstances Mr. Girone saw no immediate need for the filing of the motion. He formally entered his appearance on behalf of defendant, Pitucci, on March 18, 1952 and filed the formal motion to set aside the default on March 19, 1952—in sufficient time to have the matter argued on argument day, April 28, 1952. On the latter date, however, counsel indicated their willingness to waive oral argument and to submit the matter on briefs.

■ 1. Under Rule 55(c), 28 U.S.C. A. on a showing of good cause a court will sustain a motion to set aside a default.

The determination of whether or not good cause exists rests in the sound discretion of the court. In other words, the facts and circumstances of the particular case govern. The facts in the instant case show first that the default was caused by the mistake of prior counsel for Pitucci in believing no answer was required in a trespass action in the United States District Courts. The facts also show that counsel upon learning of the mistake acted promptly in seeking to cure the matter. Finally, they show that the defendant has a meritorious defense to the action of the plaintiffs. That defense is clear from the following language of paragraphs 4 and 5 of plaintiffs' complaint:

"4. While the plaintiff was so operating his automobile in a northerly direction on U. S. route No. 301 at or near Cheltenham, Maryland, an automobile owned and operated by Leroy Maddox came to an abrupt halt and attempted to make a left turn off the highway, causing defendant, Frank W. Potters to come to an abrupt halt, causing defendant, Guista S. Pitucci to come to an abrupt halt, and thereby causing the plaintiff to come to an abrupt halt.

5. By reason of the careless and negligent manner of operation by the said Leroy Maddox in failing to give proper warning, and of the said Frank W. Potters and Guista S. Pitucci in failing to give proper warning, the plaintiff's automobile was caused to run into the rear of the automobile operated by Guista S. Pitucci."

In our opinion the above-recited facts constitute a showing of good cause and justify the setting aside of the default.

■ 2. Plaintiffs' counsel contends, however, that the motion to set aside the default has come too late since Rule 60(b) forbids the granting of such a motion if filed more than one year after the entry of the default. The contention, we think, is not sustainable for two reasons. In the first place, the one year limitation in Rule 60(b) is applicable only to motions to set

aside judgments and not defaults. Rule 55 (c), under which the instant motion was filed, treats a default and a judgment as two separate and distinct items and in discussing the setting aside of defaults places no time limitation on the filing of same as does Rule 60(b) in discussing the setting aside of judgments. Secondly, assuming arguendo that the one year limitation in Rule 60(b) is applicable to the filing of motions to set aside defaults the facts herein show that there has been compliance in spirit at least with that Rule. True it is that the defendant, Pitucci, did not file his formal motion to set aside the default until March 19, 1952—more than one year after the entry of the default. But it is also true that his counsel had the motion in his possession and called it to the attention of this Court at the pre-trial conference on November 13, 1951—just one year after the entry of the default and within the one year limitation of Rule 60(b).

Accordingly, the motion of the defendant, Pitucci, to set aside the default will be granted.

An order in conformity with the preceding opinion will be entered.