Agnes B. NUNN, Substituted Administratrix C.T.A. of the Estate of Lewis E. Nunn, Deceased, Plaintiff,

v.

Lawrence J. REINA, Defendant.

Civ. A. 20795.

United States District Court
E. D. Pennsylvania.

March 19, 1958.

Hauck, Sutton & London, by Anthony M. Hauck, Jr., Clinton, N. J., Edward Rosenwald, Philadelphia, Pa., for plaintiff.

Coffin & Grifo, by Richard D. Grifo, Easton, Pa., for defendant.

KRAFT, District Judge.

The chain of events which necessitated this motion by defendant to set aside an entry of default could have been prevented by more scrupulous attention to detail. The case affords an excellent illustration of the danger to which a client is exposed, as well as the risk and embarrassment to which the attorney is subjected, by the attorney's erroneous assumption that identical rules govern state and federal practice, and by the attorney's failure to notify his adversary of the entry of his appearance.

Service of the plaintiff's complaint was made on the defendant on June 14, 1956. Two days later the defendant's attorney entered his appearance, but, by inadvertence, failed to serve notice thereof on opposing counsel. Despite the clear direction in the summons, defendant's attorney did not answer or otherwise plead within the time prescribed by the Federal Rules of Civil Procedure, 28 U.S.C. This failure arose from his honest, but erroneous belief that the entry of his appearance in this tort action had the same effect under the federal rules as it would have had under the Pennsylvania rules, and that it was unnecessary, therefore, to file an answer, unless the defendant wished to deny averments relating to identity, agency, ownership, possession or control.

On September 11, 1956 a default was entered on application of plaintiff's counsel, supported by affidavit. Shortly thereafter plaintiff's counsel ordered the case to be placed on the trial list. The affidavit of plaintiff's attorney, filed in support of his application for entry of default, clearly implies that an examination of the court files and record in this case, including the Marshal's return of service, was made by him or by someone on his behalf. If such an examination was made, it is difficult to understand how the examiner could have failed to perceive the praecipe for appearance of defendant's counsel, which was the second document in the stapled file and immediately preceded the summons and return of service. Nevertheless, plaintiff's counsel claims he was unaware of the appearance entered by defendant's attorney until December 1957, when, he states, he noted the

case was scheduled for pre-trial conference and thereupon notified defendant's attorney, by telephone, of the prior entry of default.

Defendant's attorney, on the other hand, denies that any such notice of the earlier entry of default was given. He insists that the telephone conversation occurred on December 30, 1957, and that plaintiff's counsel then told him only that the case was "in the pool, subject to call". Defendant's attorney claims that on Saturday, January 11, 1958, he received notice from plaintiff's attorney, by special delivery mail, of an application proposed to be made by the plaintiff at 2:00 p. m. on January 15, 1958 for entry of a *default judgment.* Defendant's attorney asserts that he then examined the federal rules and ascertained that an answer should have been filed by the defendant; that he immediately prepared such an answer and filed it on Monday, January 13, 1958 and served a copy thereof on plaintiff's counsel. He states further that on the same day he requested plaintiff's attorney to withdraw plaintiff's motion for entry of *default judgment* and was then advised, for the first time, by plaintiff's attorney of the earlier entry of default; that he promptly prepared and, on January 15, 1958, filed a motion to set aside the entry of default. We find that neither the defendant nor his attorney had knowledge or notice of the entry of default until January 13, 1958, and that defendant's failure to file an answer before that date resulted solely from his attorney's honest mistake.

F.R.C.P. 55(c) commits to the discretion of the court the setting aside of an entry of default "for good cause shown", and, in that respect, differs from Rule 60(b) which limits relief from *default judgments* to specific grounds and prescribes a time limitation. See Teal v. King Farms Co., D. C.E.D.Pa.1955, 18 F.R.D. 447; Elias v. Pitucci, D.C.E.D.Pa.1952, 13 F.R.D. 13. In the Elias case, the failure of counsel to file an answer resulted from a similar erroneous assumption that the entry of an appearance had an identical effect under federal and state practice. Noting that the failure so to file was due to a mistake, that counsel acted promptly in curing the mistake and that defendant asserted a defense on the merits, the court there set aside the default.

We conclude that the three conditions met by the defendant in Elias have been fulfilled by the defendant here, and that the plaintiff will not be prejudiced by allowing this defendant to answer on the merits. We are constrained to add, parenthetically, that we trust that such mistakes will continue to be as infrequent as the paucity of reported cases indicates, and that, on the rare occasions when they do occur, opposing counsel will remember the imperfections of man and be mindful of the Golden Rule.

### Order

Now, this 19th day of March, 1958 the default heretofore entered is set aside and leave is granted the defendant to file as his answer to the complaint the answer which was untimely filed on January 13, 1958.