Stanley STUSKI

v.

**UNITED STATES LINES,**

**Civ. A. No. 26697.**

United States District Court
E. D. Pennsylvania.
July 2, 1962

Louis Samuel Fine, Philadelphia, Pa., for plaintiff.

Richard J. van Roden, for Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

BODY, District Judge.

This matter comes before the Court on the defendant's motion to set aside a default entered on motion of the plaintiff for failure of the defendant to file an appearance or answer. The plaintiff, Stanley Stuski, a resident of Philadelphia, filed this suit against the defendant, United States Lines, on July 21, 1959. Thereafter the defendant was duly served on July 23, 1959. The suit was for damages alleged to have occurred on Pier #80, South, Philadelphia, Pennsylvania, by the plaintiff, a longshoreman, as the result of the negligence of the defendant, its servants, agents and employees.

On February 8, 1960 the motion for default was filed and duly noted on the docket. Thereafter, on March 1, 1962 the Clerk of the Court notified by letter Louis S. Fine, Esq., attorney for the plaintiff, and the United States Lines, the defendant, that the case would be dismissed upon the record under Rule 18 unless the Court would order otherwise upon application within thirty days. Plaintiff's counsel wrote a letter to the Clerk filed March 5, 1962 placing the case on the trial list and defendant through its counsel on March 16, 1962 filed its motion to set aside the entry of default.

We learned from the briefs and oral argument of both counsel that the plaintiff filed an identical action for personal injuries in the Court of Common Pleas No. 5 of Philadelphia, and attached to the defendant's brief is a copy of that complaint and also a copy of the complaint filed in this Court. The complaints in so far as the paragraphing and the averments contained therein are identical. The caption of the case is the same, but on the right side of the first page at the top we note that one says "Civil Action No. 26697" and the other "Court of Common Pleas No. 5, June Term, No. 1691" while at the top of the first complaint is "The United States District Court for the Eastern District of Pennsylvania."

The counsel for the defendant states that the Common Pleas complaint was forwarded to the insurance carrier on July 16, 1959 and thereafter the matter

was duly returned to him for handling. In like manner, a copy of the District Court complaint was forwarded to the insurance carrier on July 24, 1959 but no return was made to counsel by the carrier. Nothing further was done in this case by the defendant until the motion to set aside the default was filed by defendant's counsel.

Counsel for the defendant contends that by reason of the fact that the complaints are identical paragraph by paragraph and the caption, except the court designation, that the mistake and inadvertence should move the Court to set aside this entry of default. It further contends it has a meritorious defense and that no prejudice will result by removal of the default.

From the above recited facts it is clear that the case comes under Rule 55 F.R.Civ.P., 28 U.S.C.A., for the defendant both failed to plead and also failed to defend or enter an appearance within twenty days. On averment by plaintiff's counsel the default was entered upon the record on February 8, 1960.

The motion to set aside the entry of default is addressed to the discretion of the Court. This is a default and not a judgment. Rule 55(c) F.R.Civ.P. says:

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60 (b)."

A review of the decisions fails to make the applicable law too clear for if one reads Rule 60 F.R.C.P. in conjunction with Rule 55(c) then this case should come under 55(c) and/or under 60(b). The latter provides for the relief from judgment, or order, with 60(b) (1) and 60(b) (6) as the applicable sections. 60(b) (1) says for "mistake, inadvertence, surprise, or excusable neglect" and 60(b) (6) reads "or any other reason justifying relief from the operation of the judgment."

In the case of United States v. Williams et al., 109 F.Supp. 456 (W.D.Ark. 1952) the Court set aside a default judgment quieting the title to land three years after it was entered. One of the cases cited as an authority for the Court's action is Klapprott v. United States, 335 U.S. 601, 614, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). The opinion reads in part:

"It is contended that the 'other reason' clause should be interpreted so as to deny relief except under circumstances sufficient to have authorized relief under the common law writs of *coram nobis* and *audita querela*, and that the facts shown here would not have justified relief under these common law proceedings. One thing wrong with this contention is that few courts ever have agreed as to what circumstances would justify relief under these old remedies. To accept this contention would therefore introduce needless confusion in the administration of 60(b) and would also circumscribe it within needless and uncertain boundaries. Furthermore 60 (b) strongly indicates on its face that courts no longer are to be hemmed in by the uncertain boundaries of these and other common law remedial tools. In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."

In commenting upon the above decision of the Supreme Court, Barron and Holtzoff in 3 Federal Practice and Procedure, Rules Edition, § 1330 at page 426 says:

" * * * Cases of extreme hardship or injustice may be brought within a more liberal dispensation than a literal reading of the rule would allow. And indeed there is

little reason why a motion or application for relief from a judgment should not be considered in the same broad perspective as an independent action to vacate or set aside the judgment."

Even if the case comes under Rule 60 it is within the discretion of the Court to vacate the judgment provided the defendant has a meritorious defense. The Court is convinced that the defense alleged is meritorious because it says, *inter alia*, that the pier is owned by the City of Philadelphia, and that the work in which the plaintiff was engaged was under the operation, control and supervision of T. Hogan Corporation. The latter was joined as an additional defendant in the Common Pleas suit.

As stated in Barron and Holtzoff, supra, § 1323 at page 396:

" * * * The discretion should ordinarily incline towards granting rather than denying relief, especially if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue. Equitable principles may be a guide in administering relief."

 Believing that this is an entry by default the action would be ruled by Elias v. Pitucci, 13 F.R.D. 13 (E.D.Pa. 1952), followed by Alopari v. O'Leary, 154 F.Supp. 78 (E.D.Pa.1957) and the numerous cases therein cited. We quote with approval and affirmation the words of Judge Van Dusen who says, at pages 80, 81:

" * * * A motion to set aside a default is addressed to the discretion of the court. Any doubt should be resolved in favor of setting aside defaults so that cases may be decided on their merits. In view of the lack of any substantial prejudice to plaintiff, the claim of a meritorious defense, and the absence of any gross neglect on the part of defendant, the default will be set aside."

And finally, since this is a matter under Rule 55(c) the time limitation of one year does not apply for the limitation is one of reasonable time. 6 Moore's Federal Practice, § 55.10(2), page 1830.

In the case of United States v. Karahalias, 205 F.2d 331 (2d Cir. 1953), Judge Learned Hand reopened a judgment cancelling the naturalization which was entered seventeen years prior thereto. This was done under Rule 60(b) (6).

It should be noted that there is nothing in the recital of the facts by the court to show any attempt, either by telephone or by letter, on the part of plaintiff's counsel to remind defendant's counsel, who had entered his appearance and filed his answer in the Common Pleas case, that he had failed to do likewise in this Court.

### ORDER

AND NOW, July 2, 1962, IT IS ORDERED that the motion to set aside the default entered against United States Lines on February 8, 1960 is GRANTED, and the entry of default against it is set aside and vacated.