Aldo **SCAFATI, Administrator of the Estate of Aldo Charles Scafati, Deceased, Plaintiff,**

v.

**BAYERISCHE MOTOREN WERKE AG, a/k/a Bavarian Motor Works, Defendant.**

**Civ. A. No. 71-267.**

United States District Court,
W. D. Pennsylvania.

July 16, 1971.

Daniel M. Berger, of Berger & Kapetan, Pittsburgh, Pa., for plaintiff.

James E. Coyne, of Lancaster, Mentzer, Coyne & Duffy, Pittsburgh, Pa., for defendant.

## MEMORANDUM and ORDER

McCUNE, District Judge.

We have before us a motion of the defendant (hereinafter referred to as BMW) to dismiss the complaint for lack of jurisdiction. Initially the motion was addressed to the issue whether the defendant is or ever was doing business in

Pennsylvania. Subsequently, a question was raised as to whether defendant was properly served under the applicable rules. We will deal with each question separately.

According to the Complaint, plaintiff's decedent was killed in an auto accident on March 22, 1969. At the time of the accident, decedent was driving a 1966 BMW 2000 CS Coupe, manufactured by the defendant. The complaint avers that the death was occasioned by the defective design of the auto. Plaintiff filed the instant complaint on March 18, 1971, and attempted service by mailing the summons and complaint to Hoffman Motors in New York City, and serving the Secretary of the Commonwealth of Pennsylvania. Defendant responded with the present motion to dismiss. We determine the issue on the affidavits of the parties.

An affidavit in support of BMW's motion states that BMW has no registered agent or office in the United States or any state thereof. The affidavit also states that BMW has no employees in or visiting Pennsylvania.

As part of plaintiff's affidavit in opposition to BMW's motion to dismiss, plaintiff presents evidence that 156 automobiles of defendant's manufacture were registered in Allegheny County, Pennsylvania, during 1968 and 1969.

■ In a diversity case Pennsylvania law is determinative of the question of jurisdiction for an in personam suit.[1]

The Pennsylvania courts and legislature are free to define the limits of such jurisdiction so long as the due process limits of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), are not exceeded. In the instant case jurisdiction depends on the meaning of "doing business" as that phrase is used in the Pennsylvania long arm statute applicable to foreign corporations, 15 P.S. § 2011, subd. C (1971 supp.).[2]

■ The Pennsylvania Supreme Court gave the phrase "doing business" a liberal construction in Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 240 A.2d 505 (1967). The subsequent amendment to 15 P.S. § 2011, subd. C[3] reinforces the conclusion that the public policy of Pennsylvania is to extend in personam jurisdiction to the full measure consistent with due process. Although the Supreme Court of Pennsylvania has not had occasion to pass on the new language of section 2011, subd. C, there is a recent decision of the United States District Court for the Eastern District of Pennsylvania which dealt with the amended section 2011, subd. C, Benn v. Linden Crane Co., 326 F.Supp. 995 (U. S.E.D.Pa. 4/30/71). In that case a Swedish crane manufacturer raised the same objection that BMW has raised in the instant case. The crane was manu-

---

1. Arrowsmith v. United Press Int'l, 320 F. 2d 219 (2d Cir. 1963) ; Partin v. Michaels Art Bronze Co., 202 F.2d 541 (3d Cir. 1953).

2. 15 P.S. § 2011

&ast;  &ast;  &ast;  &ast;  &ast;

"C. For the purposes of determining jurisdictions [sic] of courts within this Commonwealth, the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Common-

wealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute "doing business." *For purposes of this subsection the shipping of merchandise directly or indirectly into or through this Commonwealth shall be considered the doing of such an act in this Commonwealth."* (emphasis added). 15 P.S. § 2011, subd. C (1971 supp.).

3. The statute was amended in 1968, July 20, P.L. ——, No. 216, § 54. The amendment added a new last sentence to the section (italicized sentence in note 2, *supra.*).

factured and sold in Sweden. Ultimately it found its way to Pennsylvania, where allegedly as a result of a defective condition it caused plaintiff's injury. On these facts the Court for the Eastern District overruled defendant's jurisdictional objection. We believe that the view of Pennsylvania law taken by the Eastern District Court is correct, and therefore hold that the defendant, BMW, is "doing business" in Pennsylvania for purposes of section 2011, subd. C.

■ When the realities of modern commerce are considered we do not think this holding unreasonable. The defendant has placed its automobiles into the channels of commerce. In the normal course of business they have passed through one or more middle-men ultimately arriving in Allegheny County. Whether the defendant sold the cars in Germany for shipment to the United States, or delivered them to the United States for sale in our view is immaterial. It is the placing of the product into the channels of commerce and the ultimate arrival of the product in Pennsylvania that constitutes the "indirect shipment" of goods into Pennsylvania. The complaint in the instant case alleges that the product which defendant placed into the channels of commerce was inherently

defective and dangerous. This condition is alleged to have caused an injury in Pennsylvania. We conclude that this is the situation that 15 P.S. 2011, subd. C was designed to reach. The manufacturer who allows a product to enter the channels of commerce may be subject to suit at any location where the product is normally placed in operation.

Having found that the defendant had indirectly shipped goods into Pennsylvania, we hold that for purposes of 15 P.S. 2011, subd. C the defendant is and at all pertinent times was "doing business" in Pennsylvania.

■ There remains before the Court the question whether or not the defendant BMW was in fact properly served. The pertinent provision of the Federal Rules of Civil Procedure is Rule 4(e), which refers to the method of service provided by the Pennsylvania Rules of Court.[4] Service on corporations is governed by Rule 2180 of the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix. Our particular case comes within subsection (c) of that rule.[5] In view of the express direction of Federal Rule 4(e) and absent any conflict with other provisions of the Federal Rules,[6] we feel that we should follow Rule 2180(c) of the Pennsylvania Rules.[7]

---

4. " * * * Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons * * * upon a party not an inhabitant of or found within the state * * * service may * * * be made under the circumstances and in the manner prescribed in the statute or rule." Fed.R.Civ.P. 4(e).

5. Rule 2180 Service of Process

    * * * * *

    "(c) If service cannot be made under any of the methods set forth in subdivision (a) or (b) of this rule, the court upon petition shall authorize service by registered mail directed to the Secretary of the Commonwealth and to the corporation or similar entity at its last

registered address or principal place of business, or by publication as the court may direct."

6. Of course if the Federal Rules dealt expressly with service on a foreign corporation not present in the jurisdiction then we would be required under Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), to follow the federal rule.

7. Plaintiff has argued that 12 P.S. § 341, et seq., applies to the instant case. We have no Pennsylvania cases to aid us in interpretating this recent enactment. After giving the matter consideration we conclude that these provisions were intended to allow in personam jurisdiction over individuals to a degree comparable

■ The pleadings reveal that plaintiff has failed to observe the requirement that Court authorization be obtained for service under Rule 2180(c). We have found one decision of a lower Pennsylvania court holding that such a failure to obtain court authorization renders the service fatally defective.[8] While such a lower court decision is not binding on us, we are persuaded that this is a correct and reasonable reading of Rule 2180(c). Neither the Federal Rules nor the fair administration of justice require a contrary holding. We therefore conclude that the service in the instant case is defective and therefore must be quashed.

■ Although we order service quashed we do not think it necessary or proper to dismiss the complaint. Under the Pennsylvania cases it is clear that once an action has been commenced, the plaintiff has a period of time equal to the period he had to commence the action in which to effect service.[9] Perfecting service is not necessary for the commencement of an action. Since the plaintiff would be able, if he had brought this action in a Pennsylvania State court, to cause process to be reissued, we feel that the policies enunciated in Hanna v. Plumer [10] are best served by allowing him the same option here.[11]

It is so ordered.

to that allowed in the case of corporations under 15 P.S. § 2011, subd. C. We do not agree with plaintiff's contention that 12 P.S. § 341, et seq., implicitly superceded 15 P.S. § 2011, subd. C and Rule 2180(c).

8. Schrader v. Sears, Roebuck & Co., 49 Wash.Co.Rep. 172 (Common Pleas 1969).

9. Newhart v. George F. Hellick Coffee Co., 325 F.Supp. 1047 (E.D.Pa.1971); Zarlinsky v. Laudenslager, 402 Pa. 290, 167 A.2d 317 (1961).

10. 380 U.S. 460, at 468, 85 S.Ct. 1136, 14 L.Ed.2d 8.

11. We do not believe that defendant's assertion that it has no agent for service in the United States is significant since as we read Rule 2180(c), it permits service on any corporation which cannot be served within Pennsylvania. We see no reason for adding a proviso to the effect that such a corporation must be within the United States. 2 J. Moore Federal Practice, ¶ 4.145, at 1297.2 (2d ed. 1970).