James A. GORSO, Plaintiff,

v.

BELL EQUIPMENT CORPORATION, a corporation, Defendant,

v.

The MARLEY COMPANY, a corporation, et al., Third-Party Defendants.

Jack CHICONELLA, Plaintiff,

v.

BELL EQUIPMENT CORPORATION, a corporation, Defendant.

v.

The MARLEY COMPANY, a corporation, et al., Third-Party Defendants.

Clyde A. TEVIS, Plaintiff,

v.

BELL EQUIPMENT CORPORATION, a corporation, Defendant,

v.

The MARLEY COMPANY, a corporation, et al., Third-Party Defendants.

Harry J. PHILLIPS, Plaintiff,

v.

BELL EQUIPMENT CORPORATION, a corporation, Defendant,

v.

The MARLEY COMPANY, a corporation, et al., Third-Party Defendants.

Richard E. McKENNA, Plaintiff,

v.

BELL EQUIPMENT CORPORATION, a corporation, Defendant,

v.

The MARLEY COMPANY, a corporation, et al., Third-Party Defendants.

Amedio VITALE, Plaintiff,

v.

BELL EQUIPMENT CORPORATION, a corporation, Defendant,

v.

The MARLEY COMPANY, a corporation, et al., Third-Party Defendants.

The MARLEY COMPANY, a corporation, Plaintiff,

v.

BELL EQUIPMENT CORPORATION, a corporation, Defendant,

v.

SOCIETE de CONSTRUCTION MECANIQUES DU BUGEY and Tichauer et Cie, Third-Party Defendants.

Civ. A. Nos. 68–1356, 69–20, 69–21, 69–23, 70–1164, 70–1177 and 71–223.

United States District Court,
W. D. Pennsylvania.

June 7, 1974.

---

James E. Coyne, Lancaster, Mentzer, Coyne & Duffy, Pittsburgh, Pa., for Bell Equipment Corp.

Kim Darragh, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for Societe de Construction Mecaniques du Bugey and Tichauer et Cie.

George M. Weis, Weis & Weis, Pittsburgh, Pa., for The Marley Co.

Stokes, Lurie & Tracy, Pittsburgh, Pa., for plaintiffs Gorso, Chiconella, Tevis and McKenna.

Gatz, Cohen & O'Brien, Pittsburgh, Pa., for Phillips.

Laughlin, Gilardi & Cooper, Pittsburgh, Pa., for Vitale.

## OPINION

JOHN L. MILLER, District Judge.

Now pending before the Court are the third-party defendants' motions to dis-

miss the third party complaint for lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process. A brief statement of the background of this litigation is necessary to our disposition of the motions.

The plaintiffs filed their respective complaints in diversity actions for personal injuries and in the case of The Marley Company for property and consequential damages they sustained when a Pignon Crane collapsed at a construction site near the Village of Huff, Indiana County, Pennsylvania. Relying upon the theory of strict liability, Restatement of Torts (2d) § 402A, the plaintiffs alleged defendant Bell, a national sales corporation engaged in selling construction cranes and similar equipment, sold a crane to The Marley Company in an unreasonably dangerous defective condition. Thereafter, Bell impleaded Societe de Construction Mecaniques du Bugey, the manufacturer of the crane, and Tichauer et Cie, the world wide sales agent who sold the crane to Bell f. o. b. Belley, France. Both third-party defendants are French enterprises not registered to do business in the Commonwealth of Pennsylvania nor did they maintain an office within the Commonwealth. Furthermore, at the time this crane was sold to Bell by Tichauer et Cie and by Bell to The Marley Company, Bell by contract with both French Corporations had the exclusive sales rights for the tower cranes in the United States of America and Puerto Rico. Motions to dismiss the impleaded defendants for lack of personal jurisdiction were filed and denied by Judge Knox with the issue certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court of Appeals accepted the appeal and after considering the evolution of the Pennsylvania "long-arm" statute [1]; judicial interpretations of the 1968 amendment thereto; the statutory requirement of "doing business" within

the Commonwealth; concluded the third-party defendants conducted insufficient activities within the Commonwealth as to satisfy the statutory prerequisites for the exercise of personal jurisdiction. Consequently, it held, "the district court erred in denying appellants Societe and Tichauer's motion to dismiss for lack of personal jurisdiction." Gorso v. Bell Equipment Corporation, 476 F.2d 1216, 1223 (3 Cir. 1973). The appeals court in note 6 acknowledges amendment of the "long-arm" statute effective February 15, 1973, and disposed of Bell's argument it had made effective service under the terms of the new statute by stating, "[w]e do not believe that ineffective service under the old statute can be validated merely by the subsequent passage of a new jurisdictional statute with more inclusive provisions. Since Bell has not attempted service under the new statute," the appellate court commented, "we need not consider any remaining issues on retroactive versus prospective application nor on the constitutional efficacy of such service if made." Id.

Mindful of the Court's comments as to service under the new "long-arm" statute, the third-party plaintiff moved and was granted leave to join Societe and Tichauer on May 21, 1973. Service of process was made by certified mail on the Secretary of the Commonwealth on June 7, 1973, and on the Department of State July 30, 1973, with service by registered mail to the third-party defendants on July 31, 1973. It is as a result of these latest events that the impleaded third-party defendants move to dismiss for lack of personal jurisdiction and sufficiency of process. The third-party defendants argue the amendments to the Pennsylvania "long-arm" statute,[2] defining in more liberal terms what constitutes doing business by foreign corporations has no retroactive effect to an action initiated against them in October

---

1. 15 P.S. § 2011.

2. Formerly 15 P.S. § 2011 which was repealed on November 15, 1972, 15 P.L. ——, No. 271, § 5. The statute now appears at 42 Pa. S. § 8301 et seq., as amended.

1970; they aver the decision of the Court of Appeals unappealed from constitutes the law of the case; next they maintain if the amended long-arm statute were applied to them, it would be an unconstitutional denial of due process because of their minimum business contacts with the Commonwealth of Pennsylvania; and lastly, they claim the amended long-arm statute is unconstitutional as enacted because of a distinction made between non-qualified foreign corporations and non-resident individuals in that the amendments apply to the latter class only on or after August 30, 1970.

In Benn v. Linden Crane Company, 370 F.Supp. 1269 (E.D.Pa.1973), the Court considered the applicability of the new Pennsylvania "long-arm" statute in a factual setting similar to the instant case. The cause of action arose and the complaint was filed prior to the effective date of the "long-arm" statute. Re-service was made after the effective date of the statute which was challenged by the defendant foreign corporation. Thus, at issue was whether the validity of the re-service is governed by 15 P.S. § 2011, the law in effect at the time of the accrual of the cause of action and filing of the complaint, or 42 P.S. § 8301 et seq., the law in effect at the time re-service was made. The Court, after reviewing and considering the background of judicial precedent on the issue concluded "that the new 'long-arm' statute is procedural * * * [it] governs the validity of the re-service in this case as it is the law in effect at the time re-service was made." Id. 1274.

■ We see little, if any, distinction between the situation in *Benn* and the instant case of an impleaded third-party defendant foreign corporation. We are in agreement with the Court in *Benn* that the new Pennsylvania "long-arm" statute is procedural and conclude that it governs the validity of the re-service as it was the law in effect at the time re-service was made. To the persuasive and well-reasoned opinion in *Benn*, we would add only the following observations of the Pennsylvania Supreme Court in Myers v. Mooney Aircraft, Inc., 429 Pa. 177, at page 183, 240 A.2d 505 at page 509 (1967):

"Statutes which are designed to change the mode of judicial procedure, where such change relates to the method of enforcing a right and does not affect the right itself, are construed to apply to causes of action which accrued before enactment as well as to those to accrue thereafter.";

and, in Wenzel v. Morris Dist. Co., Inc., 439 Pa. 364 at page 371, 266 A.2d 662, at page 666 (1970):

"This Court has long since recognized that '[t]he purpose of the Act * * * [the Business Corporation Law] is to bring foreign corporations doing business in this State within the reach of legal process. The act is for the protection of those with whom such corporations do business or to whom they may incur liabilities by their wrongful acts.' [Citation omitted] Moreover, * * * the legislature, by successive amendments to the Business Corporation Law, has greatly extended the jurisdiction of the courts of this Commonwealth over non-registered foreign corporations."

■ We turn to the contention that the unappealed decision of the Court of Appeals in Gorso v. Bell Equipment Corporation, supra, constitutes the law of the case and therefore is finally dispositive of the issue of in personam jurisdiction over the third-party defendants. Although this theory is raised in their brief, the third-party defendants cite no cases supporting its applicability to this case in its present factual setting. The third-party plaintiff, on the other hand, argues the principle of law is not applicable for the appellate court construed the procedural law in effect at the time the first service of process was made. We agree with the third-party plaintiff that the Court of Appeals did not rule upon the validity of the service of process under the new statute, the constitutional efficacy of the same, if made, nor

upon the retroactive versus prospective application of the statute.[3] Thus even if the doctrine is applicable in this area of the law, it would not come to play under the present factual setting in view of the fact that the Court of Appeals has not ruled on the issue now pending before this Court.

We consider next the third-party defendants' argument against subjecting them to in personam jurisdiction. Although counsel for the third-party defendants admits having stipulated the third-party defendants are unregistered French corporations, he is not satisfied such is their current status and states in his brief [4] he hopes to have a reply in time for oral argument on his motion. No further explanation has been provided. Consequently, we shall rely upon the stipulated fact that the third-party defendants are unregistered foreign corporations. Since the Court of Appeals held that the third-party defendants were not "doing business" within the Commonwealth under the terms of § 2011(C), the former "long-arm" statute, we must determine if the new statute commands a different result. In this connection, it is beyond dispute that the following acts of the third-party defendants occurred in the Commonwealth: (1) the delivery of spare parts into Pennsylvania approximately in time to the collapse of the crane; and, (2) the

tortious act of the third-party defendants within Pennsylvania, namely, the collapse of the crane allegedly due to defects in design or manufacture.[5] As previously mentioned, the Court in *Gorso* held these acts insufficient to satisfy the statutory prerequisites [6] for the exercise of personal jurisdiction by state courts in the absence of a prior in-state sale. Under the former "long-arm" statute, the Court concluded the direct or indirect shipment of merchandise into the state did not alone constitute "doing business" without the showing of systematic or continuous conduct. However, under the new "long-arm" statute, 42 Pa. S. § 8309(a)(3),[7] the direct or indirect shipment of merchandise into the Commonwealth constitutes "doing business" for the purpose of service of process upon nonqualified foreign corporations and the exercise of in personam jurisdiction over them in the Courts of the Commonwealth. The Court in Aquarium Pharm., Inc. v. Industrial Press. & Pack., Inc., 358 F.Supp. 441, 443 (E.D.Pa.1973), in analyzing the new statute observed, "[n]o longer is intention a necessary prerequisite to the imposition of jurisdiction; *the fact of shipment into the Commonwealth, standing by itself, subjects the acting corporation or entity to the reach of the § 8309 'long-arm' statute."* [8] (emphasis added).

---

3. Gorso v. Bell Equipment Corporation, 476 F.2d at page 1223, note 6.

4. Page 6, Brief in Support of Motion to Dismiss.

5. See Gorso v. Bell Equipment Corporation, 476 F.2d at 1222, where the Appellate Court recognized six deliveries within the State but found the deliveries to represent no more than two transactions between the parties. The Court was unprepared to say the two shipments of spare parts combined with the constructive tortious conduct together demonstrated a systematic course of conduct within Pennsylvania; and Answers of Marley Company to interrogatories of Bell regarding shipments of merchandise into Pennsylvania by third-party defendants.

6. 15 P.S. § 2011(C).

7. "(a) Any of the following shall constitute 'doing business' for the purposes of this chapter:

*     *     *     *     *

(3) The shipping of merchandise directly or indirectly into or through this Commonwealth."

8. Although not decided until June 14, 1973, approximately two months after the Circuit's opinion in *Gorso*, the Pennsylvania Superior Court in McCrory Corp. v. Girard Rubber Corp., 225 Pa.Super. 5, 45, 307 A.2d 435 (1973) held under § 2011(C), that a nonregistered manufacturer met the "long-arm" test of "doing business" in the Commonwealth by making "indirect shipments" therein. The nonregistered manufacturer of suction tips which were to be placed upon toy arrows, sold its product to a nonresident middle man who in turn produced the arrows and sold the finished product to a Pennsylvania retailer in Pennsylvania. The Superior Court found that "Girard could reasonably foresee that its product would be sold 'as part of the whole' arrow to outlets around

It is clear to us that the third-party defendants had shipped merchandise into this Commonwealth. Therefore, it is our opinion they were "doing business" under § 8309(a)(3) which permits substituted service upon the Department of State, and such service once made on the third-party defendants, clothes this Court with jurisdiction over the instant case. We believe our decision on this issue is consistent with the clear intention of the legislature as is evidenced by the recent amendment [9] expressing the public policy of Pennsylvania that the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations to the fullest extent allowed under the Constitution of the United States.

Remaining for consideration are the constitutional due process and equal protection attacks upon the new "long-arm" statute. We believe the due process argument under the test of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny, see, e. g., McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Perkins v. Benguet Consolidated Mining Company, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); Campbell v. Triangle Corp., 336 F.Supp. 1002 (E.D.Pa.1972); Scafati v. Bayerische Motoren Werke AG, 53 F.R.D. 256 (W.D.Pa.1971), to be unpersuasive. It does not offend our concept of the "traditional notions of fair play and substantial justice" to conclude that if we are to permit litigation on the theory of strict liability against the sellers of products, we should likewise require the manufacturers of those products to defend the products in the forum state where the tortious act occurred as a result of the use of its products and where repair parts had been intentionally shipped into the state in conjunction with the maintenance and use of the product. It cannot be maintained the international shipment of merchandise into the Commonwealth from France came to rest therein through a fortuity. We can discern little if any distinction in international trade versus interstate commerce. If a Wisconsin manufacturer is required to defend his product here,[10] we see little reason in not requiring French corporations to do the same so long as both ship goods into Pennsylvania.

The equal protection argument is without merit since all nonqualifying foreign corporations are treated alike. Equal protection and its guaranty of like treatment permits classification which is reasonable and which is based upon differences having a reasonable relation to the object or purpose dealt with or to the public purpose sought to be achieved by the legislation involved. The equal protection clause does not forbid discrimination with respect to things that are different. Puget Sound Co. v. Seattle, 291 U.S. 619, 54 S.Ct. 542, 78 L.Ed. 1025 (1934). In this respect, the distinction the third-party defendants urge upon us relates to the exercise of jurisdiction by the Commonwealth courts over qualified foreign corporations, nonqualified foreign corporations and nonresident individuals as if they were all nonresident persons. Their argument ignores the obvious difference between the artificial person or corporate entity and the natural person or persons conducting business individually or through a fictitious name, or agent, servant or employee and the substantive law of the Commonwealth pertaining thereto. It is beyond question that the federal Constitution in no way undertakes to control the power of a state to determine by what process legal rights may be asserted, legal obligations en-

---

the country, and that Pennsylvania would be one such market." The Supreme Court allowed an appeal but no opinion has been handed down since oral argument late in 1973.

9. 42 Pa. S. § 8309(b); and Wenzel v. Morris Dist. Co., Inc., supra.

10. Aquarium Pharm., Inc. v. Industrial Press. & Pack., Inc., 358 F.Supp. 441 (E.D. Pa.1973).

forced or the extent to which the jurisdiction and venue of the courts of the Commonwealth shall extend save that the method of procedure gives reasonable notice and affords fair opportunity to be heard before the issues are decided. See Iowa Central Railway Company v. Iowa, 160 U.S. 389, 16 S.Ct. 344, 40 L.Ed. 467 (1896).

For the foregoing reasons, the third-party defendants' motions to dismiss shall be denied. Furthermore, since service has been made by serving the Department of State with copies by registered mail to the third-party defendants, there can be no question of the sufficiency of service of process.[11]

An appropriate order shall be entered.