Louis B. TRACHTMAN

v.

T. M. S. REALTY AND FINANCIAL
SERVICES and Lawrence Drosnes
a/k/a Larry Daniels.

Civ. A. No. 74–366.

United States District Court,
E. D. Pennsylvania.

May 13, 1975.

Richard D. Malmed, Philadelphia, Pa.,
for plaintiff.

Charles W. Gross, Philadelphia, Pa.,
for defendants.

MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter comes before the Court
on the motion of the plaintiff for entry
of a default judgment on the ground

that the defendant failed to answer or otherwise defend and on the motions of the defendant, T. M. S. Realty and Financial Services, Inc. ("T. M. S."), to set aside the entry of default and to dismiss the complaint on the ground that this Court lacks *in personam* jurisdiction under the Pennsylvania "Long Arm" statute. After consideration of the briefs and affidavits submitted to the Court, and for the reasons hereinafter discussed, we grant the plaintiff's motion and deny the defendant's motions.

### *Motion to Dismiss*

The plaintiff filed his complaint on February 14, 1974 alleging that this Court has diversity jurisdiction. The plaintiff avers that he is a resident of Pennsylvania, is a real estate broker registered to do business in Pennsylvania, and the defendant is a New Jersey corporation, not qualified to do business in Pennsylvania, but subject to service on the basis of the Pennsylvania "Long Arm" statute, Pa.Stat.Ann. tit. 42, § 8301 et seq. (Supp.1973–74), in that T. M. S. is a foreign corporation "doing business" in Pennsylvania.[1] The plaintiff's complaint, when read in conjunction with his affidavits filed in opposition to the defendant's motion, sets forth the following facts as a basis for the application of the Pennsylvania "Long Arm" statute. Defendant Lawrence Drosnes, as President and agent for T. M. S., met with the plaintiff in the law offices of T. M. S.'s counsel, Stein and Silverman here in Philadelphia. At that meeting the plaintiff was requested to obtain a mortgage to enable T. M. S. to finance the purchase by T.

M. S. of real estate in New Jersey. In the event the plaintiff was successful in obtaining such a mortgage, the defendant T. M. S. was to pay the plaintiff a fee equivalent to one percent of the mortgage and retain the plaintiff as the manager of the real estate which T. M. S. desired to purchase in New Jersey for a period of five years for which he was to receive a commission of not less than three percent of the gross rentals collected. On several subsequent occasions, the plaintiff met here in Philadelphia with the President of T. M. S. and its attorneys. Pursuant to their request, the plaintiff prepared an appraisal of the New Jersey real estate and assembled information necessary to process a mortgage application for T. M. S. After compilation of all the necessary material, the plaintiff and the President of T. M. S. attended meetings at the office of Centennial Mortgage Company at the IVB Building in Philadelphia. As a result of these negotiations, a mortgage in the amount of $270,000.00 was obtained from Farmbanc Mortgage Company (a division of Farmer's National Bank of Wilmington, Delaware) enabling T. M. S. to purchase the New Jersey real estate. Settlement was completed and T. M. S. paid a commission to the Centennial Mortgage Company in Philadelphia. For the breach of the agreement to pay the mortgage placement fee, the rental commission and the appraisal fee, the plaintiff seeks judgment against T. M. S. in the amount of $12,496.50.[2]

It is the plaintiff's position that these facts clearly demonstrate that T. M. S. is amenable to service pursuant to the Pennsylvania "Long Arm" statute and

---

1. Rule 4(d)(7) F.R.Civ.P. provides that:
   (d) Service shall be made as follows:
   (7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action

brought in the courts of general jurisdiction of that state.

2. The total amount of $12,496.50 claimed by the plaintiff consists of the following: (a) $2,700.00, 1% of the mortgage proceeds of $270,000.00, (b) $9,046.50, 3% of the current gross rentals of the property of $60,310.00 for five years; and (c) $750.00, the fair market value of the services rendered in preparing the real estate appraisal.

that this Court has *in personam* jurisdiction over the defendant. The plaintiff argues that T. M. S. was "doing business" in Pennsylvania within the meaning of § 8309 of the "Long Arm" statute.[3] On the other hand, the defendant contends that it has never done business in Pennsylvania; that it is registered to do business only in New Jersey; and that its sole purpose and function is to hold certain real property located in New Jersey. The defendant further argues that the plaintiff has not demonstrated that T. M. S., as a foreign corporation, had sufficient minimum contacts with Pennsylvania "to make it apparent that maintenance of suit in the state will not offend traditional notions of fair play and substantial justice. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)." For these reasons, T. M. S. claims that it is not and cannot be subject to the *in personam* jurisdiction of this Court and, thus, asserts its motion to dismiss.

In 1972, the Pennsylvania "Long Arm" statute was amended by adding thereto a new section 8309(b) which reads as follows:

(b) Exercise of full constitutional power over foreign corporations.—In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and the powers exercised by them to the fullest extent allowed under the Constitution of the United States.

Judge Jacobs of the Pennsylvania Superior Court in Proctor & Schwartz, Inc. v. Cleveland Lumber Co., 228 Pa.Super. 12, 323 A.2d 11 (1974), appeal denied, in holding that in an action to recover the purchase price, a Georgia corporation, which entered into the contract of purchase in Pennsylvania, was subject to *in personam* jurisdiction, pursuant to § 8309 of the Pennsylvania "Long Arm" statute, said:

The 1972 amendments to the Pennsylvania "long-arm" statute seek to remove all Pennsylvania statutory and, therefore, decisional impediments to the exercise of in personam jurisdiction over foreign corporations. The statute reinforced through express language the judicially stated public policy of Pennsylvania to extend in personam jurisdiction "to the full measure consistent with due process standards." Aquarium Pharmaceuticals, Inc. v. Industrial Pressing & Packaging, Inc., supra, [(D.C.) 358 F.Supp. 441] at 444; Scafati v. Bayerische Motorer Werke Ag, 53 F.R.D. 256 (W.D.Pa.1971); *cf.* Wenzel v. Morris Distrib. Co., [439 Pa. 364, 266 A.2d 662] supra. Although the statute retains the requirement of "doing business" as a jurisdictional trigger, the addition of the new section 8309(b), quoted supra, is clearly intended to liberalize Pennsylvania's position. Under this section those contacts sufficient to satisfy the constitutional requirements of due process are also sufficient to satisfy the "doing business" requirement of Pennsylvania law. Thus, for purposes of in personam jurisdiction over unregistered foreign corporations the evolution of the Pennsylvania "long-arm" statute

---

3. In Count III of his complaint, the plaintiff seeks damages against Lawrence Drosnes individually, alleging that Lawrence Drosnes, at some time after plaintiff had submitted his bill for services, conspired with one, Alan Wolf, to prevent the plaintiff from collecting the debts due him by threatening him and his family with great bodily harm if he attempted to collect the money due him. Thus, the plaintiff contends that the exercise of "long arm" jurisdiction in this case is also proper under 42 P.S. § 8303 which extends "long arm" jurisdiction to those who commit a tortious act within this Commonwealth. The plaintiff argues that the tortious conduct of the defendant, Lawrence Drosnes, alleged in Count III of the complaint, is the tortious conduct of the corporate defendant, T.M.S., which is Lawrence Drosnes' principal; therefore, "long arm" jurisdiction is proper over T.M.S. because of the tortious conduct of its agent. Because of the view we have taken of this case, we do not address ourselves to this contention.

has now become coexistent with the evolution of substantive jurisdictional due process as expressed by the United States Supreme Court.

Judge Jacobs, in *Proctor*, noted that International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, (1945), McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223 (1957) and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the landmark decisions of the Supreme Court of the United States relating to *in personam* jurisdiction, provide "only a framework under the broad formula of 'fair play and substantial justice' and a determination of whether or not the 'minimum contacts' of a foreign corporation with a particular state are sufficient to make the corporation constitutionally amenable to process in that state must inevitably be made on an ad hoc case-by-case basis and not by the application of a mechanical rule. Campbell v. Triangle Corp., 336 F.Supp. 1002 (E.D.Pa.1972)." The *Proctor* case sets forth the following guidelines to aid in the factual analysis in determining whether the requisite "minimum contacts" are present in a given case:

First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws. Hanson v. Denckla, supra. Secondly, the cause of action must arise from defendant's activities within the forum state. See Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374 (6th Cir. 1968); Electric Regulator Corp. v. Sterling Extruder Corp., 280 F.Supp. 550 (D.Conn.1968). Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable. International Shoe Co. v. Washington, supra; *see* Southern Mach. Co. v. Mohasco Indus., Inc., supra; *see also* In-Flight Devices Corp. v. Van Dusen Air, Inc., 466 F.2d 220

(6th Cir. 1972); Kourkene v. American BBR, Inc., 313 F.2d 769 (9th Cir. 1963).

▋ This Court has no difficulty in finding that the first element relating to the purposeful doing of an act within the Commonwealth has been satisfied. The defendant corporation voluntarily came into Pennsylvania and entered into a contract in Pennsylvania with a Pennsylvania resident. The defendant fully participated in the Pennsylvania transactions which arose out of the contract. The obligations entered into by the defendant had a realistic economic impact on the commerce of Pennsylvania and the defendant should reasonably have foreseen that the transaction would have such consequences and, thus, purposefully availed itself of the privilege of acting within the Commonwealth.

The second prerequisite is that the cause of action arises from the defendant's activities within the forum state. We find that the plaintiff's cause of action arose directly from the defendant's acts within Pennsylvania. The instant cause of action arises from the breach of those contractual obligations the defendant assumed in Pennsylvania.

Lastly, the Court is satisfied that the acts of the defendant have a substantial enough connection with Pennsylvania to make the exercise of jurisdiction over it reasonable. An examination of the defendant's conduct in this case clearly demonstrates that the contract in question and the related transactions had "substantial connection" with Pennsylvania and thus the Court is satisfied that under all the circumstances there would be no abuse of fairness or substantial justice by the exercise of "long arm" jurisdiction in this case. The character of defendant's conduct was such that it negotiated and consummated a contract with the plaintiff, a Pennsylvania resident, here in Pennsylvania, that such contract is governed by Pennsylvania law, that several subsequent in-state transactions emanated therefrom, and that defendant should reasona-

bly have anticipated that in the event of its inability to conform to the terms of its contractual obligations, it would be required to defend a legal action in Pennsylvania whose laws governed the contract.

Thus, we hold that under the facts of this case the exercise by this Court of *in personam* jurisdiction over the defendant, pursuant to § 8309(b), does not violate due process. This conclusion is in accord with the recent cases. Gorso v. Bell Equipment Co., 476 F.2d 1216 (3d Cir. 1973); M & N Meat Co. v. American Boneless Beef Co., 380 F.Supp. 912 (W.D.Pa.1974); Gorso v. Bell Equipment Co., 376 F.Supp. 1027 (W.D.Pa. 1974); Rosen v. Solomon, 374 F.Supp. 915 (E.D.Pa.1974); Raskin v. First Federal Savings & Loan Ass'n. of Erie, 372 F.Supp. 1053 (W.D.Pa.1974); Benn v. Linden Crane Co., 370 F.Supp. 1269 (E.D.Pa.1973); Aamco Automatic Transmissions, Inc. v. Tayloe, 368 F. Supp. 1283 (E.D.Pa.1973); Mackensworth v. American Trading Transp. Co., 367 F.Supp. 373 (E.D.Pa.1973); Aquarium Pharmaceuticals, Inc. v. Industrial Pressing & Packaging, Inc., 358 F.Supp. 441 (E.D.Pa.1973); Campbell v. Triangle Corp., 336 F.Supp. 1002 (E.D. Pa.1972); Orefice v. Laurelview Convalescent Center, Inc., 66 F.R.D. 136 (E. D.Pa. filed Jan. 29, 1975); H. Alpers & Associates v. Omega Precision Hand Tools, Inc., 62 F.R.D. 408 (E.D.Pa. 1974); Proctor & Schwartz, Inc. v. Cleveland Lumber Co., 228 Pa.Super. 12, 323 A.2d 11 (1974); McCrory Corp. v. Girard Rubber Corp., 225 Pa.Super. 45, 307 A.2d 434 (1973).

▮ Moreover, we find that the following exception to the exercise of "long arm" jurisdiction found in § 8309(c) is inapplicable in this case:

(c) Exception.—Notwithstanding any other provision of this section, for the purposes of determining jurisdiction of courts within this Commonwealth, inspecting, appraising and acquiring real estate and mortgages, and other liens thereon, and personal property and security interest therein, and holding, leasing away, conveying and transferring the same, as fiduciary or otherwise, or collecting debts and enforcing mortgages and rights in property securing the same by any foreign corporation shall not constitute "doing business."

It has been held that the purpose of this exception is "to facilitate the flow of capital and cash into Pennsylvania by exempting foreign lenders from the doing business test." Raskin v. First Federal Savings & Loan Ass'n. of Erie, 372 F.Supp. 1053, 1056–57 (W.D.Pa. 1974). In the instant case, the contract which the defendant entered into in Pennsylvania was not for the purpose of bringing capital into the state. On the contrary, defendant's purpose was to obtain cash for the purchase of New Jersey real estate.

Accordingly, the defendant's motion to dismiss is denied.

*Motion to Set Aside Default*

The defendant T. M. S. has moved this Court to set aside the entry of default entered against it on May 29, 1974, and to permit it to enter a defense. The defendant contends that the default should be set aside in that its failure to act was due to its change of legal counsel, ongoing settlement negotiations and the existence of a meritorious defense, to wit, lack of personal jurisdiction.

▮ The question before the Court is whether the defendant, T. M. S., pursuant to Rule 55(c) F.R.Civ.P., has shown "good cause" for setting aside the entry of default. After a careful consideration of the record, the Court concludes that under the facts of this case the defendant has not sustained its burden. Rule 55(c) F.R.Civ.P. provides that an entry of default may be set aside "for good cause shown." This rule vests in the Court a broad discretion to set aside an entry of default. Schartner v. Copeland, 59 F.R.D. 653 (M.D.Pa.1973); Kocenko v. Buskirk, 56 F.R.D. 14 (E.D.Pa. 1972); Stuski v. United States Lines, 31

F.R.D. 188 (E.D.Pa.1962). Generally, a Rule 55(c) motion will not be granted unless the Court finds (1) that the non-defaulting party will not be substantially prejudiced by the reopening, (2) that the defaulting party has a meritorious defense and, (3) that the default was not the result of inexcusable or gross negligence or a willful act. Tozer v. Chas. A. Krause Milling Co., 189 F.2d 242 (3d Cir. 1951); Alopari v. O'Leary, 154 F.Supp. 78 (E.D.Pa.1957); Schartner v. Copeland, 59 F.R.D. 653 (M.D. Pa.1973); Stuski v. United States Lines, 31 F.R.D. 188 (E.D.Pa.1962); Elias v. Pitucci, 13 F.R.D. 13 (E.D.Pa. 1952); 10 Wright & Miller, Federal Practice and Procedure § 2696 (1973).

■ The law requires that a party seeking to set aside a default must show that he has a meritorious defense to the action. The showing of a meritorious defense is a prerequisite to the setting aside of a default. Wokan v. Alladin .International, Inc., 485 F.2d 1232 (3d Cir. 1973); 6 Moore, Federal Practice ¶ 55.10[1], at 55–233 (1974); 10 Wright & Miller, Federal Practice and Procedure, § 2697 (1973). The defendant, in its motion to set aside the entry of default states:

> That defendant, T. M. S. Realty and Financial Services, Inc., has a meritorious and legal defense on the merits to the claim set forth in the plaintiff's claim upon which the entry of default was rendered against it, in that there is no basis of federal jurisdiction under federal statute or under the Pennsylvania "long arm" statute (42 P.S. Sec. 8301 et seq.), in that T. M. S. Realty and Financial Services, Inc. is a New Jersey corporation that has never done business in the Commonwealth of Pennsylvania, nor are they authorized to do so under the Articles of Incorporation.

At no time has the defendant demonstrated or even alleged that it has any defense other than a lack of *in personam* jurisdiction. As heretofore discussed in connection with the defendant's motion to dismiss, it is clear that this Court has *in personam* jurisdiction over this defendant and, therefore, the defense of lack of *in personam* jurisdiction is without merit.

Therefore, the defendant's motion to set aside the entry of default is denied.