Richard NASH

v.

Stephen R. SIGNORE, in his individual capacity and in his official capacity, as a Public Defender.

Civ. A. No. 80–3823.

United States District Court, E. D. Pennsylvania.

April 20, 1981.

Richard Nash, pro se.

Walter S. Jenkins, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, District Judge.

Plaintiff in this civil rights action is a state prisoner who contends that defendant, First Assistant Public Defender for Montgomery County, Pennsylvania, failed to represent him adequately at his state criminal trial, and that this failure constitutes a deprivation of plaintiff's constitutional rights. A default has been entered against defendant, who now moves to set aside the default.

This is the second instance in this litigation where defendant has found it necessary to move to set aside a default entered against him. Nash filed this action on October 9, 1980. Because of protracted discussions with insurance carriers over the existence of coverage for this claim, counsel was not retained and Nash's complaint was not answered. On November 9, 1980, the clerk entered a default against defendant. On November 21, defendant moved for an enlargement of time within which to answer the complaint. Because a default had already been entered, and not vacated, I held defendant's motion in abeyance until defendant proceeded to set aside the default against him. Defendant finally moved to set aside the default, and on January 20, 1981, I entered an order vacating the default and granting defendant twenty days within which to answer or otherwise move with respect to Nash's complaint.

On February 10, 1980, defendant mailed to Nash a copy of a motion to dismiss the complaint, which Nash received on February 12. Nash responded by moving for entry of default, contending that the motion was not filed within the twenty-day period. In a memorandum and order dated March 6, 1981, I granted Nash's motion for default, noting that counsel had erroneously calculated the time as running from the date of docketing of my order, January 21,

1981, when in fact the order provided that time would run from the date of the order itself, January 20, 1981. Therefore counsel for defendant now finds himself for the second time in the position of having to seek to set aside a default.

■ "For good cause shown," a district court may set aside the entry of a default. Rule 55(c) F.R.Civ.P. The moving party must establish that he has a meritorious defense to the claims on which a default was entered, *Wokan v. Alladin International, Inc.*, 485 F.2d 1232 (3d Cir. 1973), but except for this threshold requirement the district court has broad discretion in deciding whether to vacate a default. *Id.; Tozer v. Chas. A. Krause Milling Co.*, 189 F.2d 242 (3d Cir. 1951); *Trachtman v. T.M.S. Realty and Financial Services*, 393 F.Supp. 1342 (E.D.Pa.1975). Ordinarily, the district court weighs whether prejudice will result to the non-moving party if the default is vacated, and whether the entry of default was the result of gross or inexcusable negligence. *Id.*, 393 F.Supp. at 1347.

■ I am satisfied that defendant has made a sufficient showing of a meritorious defense to Nash's claims.[1] First, some of Nash's claims lack sufficient specificity to entitle him to relief. Second, there is a strong possibility that Nash's claims will be barred by collateral estoppel, inasmuch as he has already challenged in the Pennsylvania courts the adequacy of his representation by defendant. Although it is by no means a certainty that defendant will prevail, he has made enough of a showing to justify vacating the default so that he may present his defense on the merits.

■ I am also satisfied that Nash will not be severely prejudiced if the default is vacated. Nash contends that prejudice to him will result because in his view he is ultimately entitled to relief on the merits of his claim. Nash's argument misses the

1. The moving party must do more than merely allege that it has a meritorious defense. Some factual or legal basis must be shown. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). On the other hand, the moving party is not required on a motion to vacate a default to establish his defense by a preponderance of the evidence. *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1974), but merely to show that there is a basis for the defense.

mark. Legal "prejudice" in this context is a function of procedural fairness, which takes into account the circumstances under which the default was entered and whether real injury would result if the default were vacated. Here, the default occurred because of a technical error by defendant's counsel which resulted in his filing a response to Nash's complaint one day late. There was no bad faith or willful delay on the part of defendant's counsel. *See, e. g., Titus v. Smith,* 51 F.R.D. 224 (E.D.Pa.1970); *Residential Reroofing Union Local 30–B v. Mezico,* 55 F.R.D. 516 (E.D.Pa.1972). The only real disadvantage to Nash if the default is vacated is that he will be forced to establish the merit of his claims, and this simply is not a sufficient reason for denying a motion to vacate a default.

▇ Finally, I must consider whether the failure timely to respond to the complaint may be considered excusable neglect. Here, since the error was one by counsel, the question is whether counsel's conduct is excusable. *Nicholson v. Allied Chemical Corp.,* 200 F.Supp. 206 (E.D.Pa.1961); *Nunn v. Reina,* 21 F.R.D. 573 (E.D.Pa.1958). In light of the fact that this is the second time in this litigation in which a default has been entered, counsel's conduct is certainly cause for concern. When the first default was entered against defendant, present counsel was not wholly to blame because the failure to respond to Nash's complaint was in large part due to negotiations with insurance carriers over who had the obligation to retain counsel and defend the claim. One would expect, however, that after one default had occurred, counsel would exercise the utmost caution in seeing that it would not happen again. Here, counsel waited until the last possible moment to respond to Nash's complaint, with the result that he was left with no margin for error when he misinterpreted my order granting leave to proceed. Moreover, counsel should have been particularly cautious in meeting deadlines in this case, where he is dealing with a *pro se* litigant who (unlike many lawyers) justifiably presumed that the Federal Rules of Civil Procedure mean what they say, and who had made clear to counsel his intention to hold defendant strictly to the Rules the first time he moved for a default. It does not speak well of counsel that not once, but twice he finds himself outmaneuvered by a *pro se* litigant on elementary procedural matters.

▇ On the other hand, although counsel's mistake may be a nuisance to this court, it hardly constitutes "inexcusable or gross negligence." *Trachtman, supra.* As noted above, counsel has not ignored this case or engaged in tactics reflecting bad faith; he simply made a mistake in judgment. Moreover, as I noted in my memorandum entering the default, Nash himself made the same mistake as defense counsel in interpreting when time began to run on my January 20, 1981 order granting defendant leave to respond to the complaint, and therefore Nash has little basis for his contention that counsel's error is egregious.

The policy of the federal courts strongly favors resolution of cases on the merits, *Tozer, supra,* 189 F.2d at 245, and that policy would be frustrated if I permitted a technical error such as the instant one to deprive a defendant of his day in court. As discussed above, defendant has satisfied his burden of establishing a meritorious defense, the absence of prejudice to the plaintiff, and the absence of inexcusable conduct by counsel. Accordingly, defendant's motion to vacate the default against him will be granted.