**McElligott v. Episcopal Residences, Inc.**

*Kaufmann & Harris,* for plaintiffs.

*Warren D. Ferry,* of *Murovich, Reale & Fossee,* for defendant.

*David G. Klaber,* for additional defendant.

DOYLE, J., June 7, 1974.—Before the court for disposition are preliminary objections (petition raising a question of jurisdiction) filed by additional defendant, George E. Ross Architects, Inc., a Massachusetts corporation (Ross, Inc.), not qualified to conduct business in this Commonwealth, and maintaining its principal office and place of business in Braintree, Mass.

Plaintiffs own and reside in a dwelling house on land located at 4022 Arsenal Place, City of Pittsburgh, Allegheny County, Pa. (plaintiffs' land). Plaintiffs' land is bounded by land improved with a nursing home (Episcopal land) owned by original defendant, Episcopal Residences, Inc. (Episcopal), a domestic nonprofit corporation. Plaintiffs' amended complaint alleges that during July of 1972 construction work was commenced on the Episcopal land, since which time surface water has been diverted onto and damaged plaintiffs' land, in consequence of which plaintiffs have sustained damages. Codefendant, Navarro Corporation (Navarro), is the general contractor engaged by Episcopal to perform the described site-work. Episcopal filed an answer to the amended complaint and also a crossclaim asserting a right to indemnity from Navarro.

Subsequently, Episcopal impleaded "George E. Ross Associates" (Ross Associates) and Frank Hall, architects, who allegedly planned and supervised the construction work for Episcopal. On February 25, 1974, Episcopal directed the sheriff to make substituted service of a summons on Ross Associates by serving the Secretary of the Commonwealth (Secretary). Episcopal did not obtain leave of court to make this substituted service on the Secretary. As of this time, no

court authorization has been obtained for substituted or other service on Ross, Inc.

Ross, Inc. preliminarily objects on two separate grounds, viz: (1) Absent prior court approval, substituted service on the Secretary does not operate to confer on this court in personam jurisdiction over *either* Ross, Inc. *or* Ross Associates; (2) if, despite the failure of Episcopal to obtain prior court approval, this court holds that the substituted service on the Secretary is effective, nevertheless, the summons delivered to Ross, Inc. is fatally defective in that: (a) it contains the name "George E. Ross Associates" and (b) the process was received by Ross, Inc., but does not constitute valid service as to Ross, Inc.

Episcopal argues that, as to nonqualified foreign corporations, the Bases of Jurisdiction Act of November 15, 1972, P. L. 885 (No. 271), 42 Pa. S. §8302 and §8307 (effective February 15, 1973), does not require a petition and court order authorizing substituted service on the Secretary. We note that section 8307 provides that the process shall be served on the Department of State.[1]

Prior to the effective date of the Bases of Jurisdiction Act,[2] substituted service to obtain in personam jurisdiction over nonqualified foreign corporations was governed by the Business Corporation Law (BCL), the Act of May 5, 1933, P. L. 364, as amended, 15 PS §2011, which provided, in pertinent part:

"B . . . *On petition,* alleging conduct of business within the Commonwealth by any corporation not

---

[1] Under section 206 of The Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §66, the Secretary of the Commonwealth is designated as the head of the Department of State.

[2] Intended as an interim statute to be effective only until enactment of the entire "Judicial Code" (Senate Bill No. 745 of 1973, Printer's Number 813), q.v. §§5301-5329.

qualified by the Secretary of the Commonwealth or having otherwise designated him as agent for the service of process, *the court* of the county in which the action is instituted shall authorize service to be made *upon the Secretary of the Commonwealth.*" (Emphasis supplied)

Pennsylvania Rule of Civil Procedure 2180(c), effective August 1, 1944, amended July 1, 1956, similarly requires prior court approval and provides:

"(c) If service cannot be made under any of the methods set forth in subdivisions (a) [service within the county where suit is instituted] or (b) [service within any other county of the Commonwealth] of this rule, *the court upon petition shall authorize service* by registered mail directed to the Secretary of the Commonwealth and to the corporation or similar entity at its last registered address or principal place of business, or by publication as the court may direct." (Emphasis supplied)

Episcopal argues that 42 Pa. S. §8301, et seq., which expressly repeals BCL section 2011, does not require, as to nonqualified foreign corporations, prior court approval, but merely provides in relevant part:

"§8302. Nonqualified foreign corporations

"(a) General rule.—Any foreign corporation which shall have done any business in this Commonwealth without procuring a certificate of authority . . . shall be conclusively presumed to have designated the *Department of State*[3] as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. Service of process shall be made in the manner provided by sec-

---

[3] Under section 206 of The Administrative Code, 71 PS §66, the Secretary of the Commonwealth is designated as the head of the Department of State.

tion 8307 of this title (relating to procedure for service of process). (Emphasis supplied)

". . .

"(c) Cumulative remedy.—Nothing contained in this section shall limit or affect the right to serve any process . . . in any other manner now or hereafter permitted by law."

42 Pa. S. §8307, Procedure for service of process, provides that the officer [sheriff] to whom the process shall be directed shall make such service or deputize the sheriff of another county to make service.

Thus, section 8302 continues the vitality of Pa. R.C.P. §2180(c). Episcopal argues that since the Bases of Jurisdiction Act does not reenact the "prior court approval" requirement of BCL section 2011, the repealer eliminates the prior court approval requirement of BCL section 2011, and, also, that 42 Pa. S. §8302 impliedly "repeals" Pa. R.C.P. §2180(c).

In most of the cases involving in some degree or other the issues raised in the case at bar, the "prior court approval" requirement was thought to emanate *not* from the now-repealed BCL §2011 but from Pa. R.C.P. §2180(c). See, e.g., Scafati v. Bayerische Motoren Werke AG, 53 F.R.D. 256 (W. D. Pa. 1971); Schrader v. Sears Roebuck & Co., 49 Wash. Co. 172 (1969); Ehlinger v. Rittenhouse Avenue Co., Inc., 78 Montg. 123 (1960).

## CONCLUSION

42 Pa. S. §8301, et seq., do not, by implication or otherwise, obviate the strict necessity of prior judicial approval for substituted service on the Secretary to obtain in personam jurisdiction over nonqualified foreign corporations when required by Pa. R.C.P. §2180-(c). However, the substituted service in the instant case was made in compliance with 42 Pa. S. §8301-7 and Pa. R.C.P. §2180(b) since it was made by the sher-

iff of the county where suit was instituted by deputizing the sheriff of the county where the Secretary is located, who delivered a counsel-certified copy of the process, in the manner provided by law to a statutory agent (the Secretary) authorized to receive service of process.

In response to the objection that the summons which was served is defective on its face, the impleading defendant has presented its petition for leave to amend the caption of its impleader complaint from "George E. Ross Associates" to "George E. Ross Architects, Inc."

The petition to amend the caption of the impleader complaint is granted. In the interest of orderly practice, proper service of process must be made upon George E. Ross Architects, Inc. For the reasons and to the extent stated, the additional defendant's preliminary objections are dismissed.

An appropriate order will be entered.

## ORDER

And now, June 7, 1974, in consideration of the arguments and briefs of counsel, it is hereby ordered, adjudged and decreed that the preliminary objections of Ross, Inc., relating to prior court approval for substituted service of process are dismissed and the summons served on the impleaded defendant is ineffective as to George E. Ross Architects, Inc.

## ORDER OF COURT

And now, June 7, 1974, upon presentation of the within petition, it is hereby ordered, adjudged and decreed, that defendant, Episcopal Residences, Inc., be permitted to amend the caption of the complaint to join additional defendants by changing the name of the additional defendant from George E. Ross Associates to George E. Ross Architects, Inc.