**6**

TICKETRON, DIVISION OF CONTROL
DATA CORPORATION

v.

RECORD MUSEUM, INC., a Pennsylvania
Corporation; Jaren Weinstein and Ger-
ald Greene doing business as Record
Museum, and Nina Greene and Dorothy
Weinstein.

Civ. A. No. 80–2593.

United States District Court,
E. D. Pennsylvania.

July 24, 1981.

Jeffrey L. Pettit, Hepburn, Willcox,
Hamilton & Putnam, Philadelphia, Pa., for
plaintiff.

James Greenberg, Greenberg, Shmerel-
son, Weinroth & Etish, Camden, N. J., for
Record Museum and Jared & Dorothy
Weinstein.

Richard L. Hahn, Pincus, Verlin, Hahn,
Reich & Goldstein, Philadelphia, Pa., for
Gerald & Nina Greene.

## MEMORANDUM

CAHN, District Judge.

Defendant Gerald Greene, on December
12, 1980, moved to open the default judg-
ment entered against him on December 2,
1980. Under Fed.R.Civ.P. 60(b)(1), it is
within the discretion of the court upon such
terms as are just, to grant relief from judg-
ment upon determination that the said
judgment was entered by "mistake, inad-
vertence, surprise, or excusable neglect."

In exercising its discretion under Fed.R.
Civ.P. 60(b)(1), this court will consider: (1)
whether the defendant's failure to plead
was due to excusable neglect or mistake;
(2) whether granting of the motion would
work prejudice to plaintiff; and (3) wheth-
er a meritorious defense has been presented
in support of defendant's motion to set
aside the default. *Medunic v. Lederer*, 533
F.2d 891, 893 (3d Cir. 1976). In considering
these factors, "the standard of liberality
rather than strictness should be applied in
acting on a motion to set aside the judg-
ment so that cases may be decided on their
merits." *Tozer v. Charles A. Krause Mill-
ing Co.*, 189 F.2d 242, 245–46 (3d Cir. 1951).
Defendant Greene meets this test.

First, defendant Greene's failure to plead is excusable. The complaint was served on November 6, 1980, to defendant at his home. Greene turned the complaint over to counsel representing defendant company, Record Museum, assuming that corporate counsel would represent him. At all times, defendant was under the impression that the matter was being handled by counsel. Defendant was unaware that counsel had not filed an answer, and was advised by counsel on or about December 10, 1980, that defendant should see to it himself that an answer was filed. Immediately, defendant secured the services of another attorney who filed an answer with the court on December 12, 1980. Under the circumstances of this case, defendant was reasonable in relying on the corporate attorney to take the appropriate action, and did not evidence a disregard for the judicial process.

Second, granting defendant's motion would not prejudice plaintiff. Record Museum has listed Ticketron as a creditor in its bankruptcy proceedings in the amount of $21,901.12, the figure awarded Ticketron in the default judgment. Therefore, Ticketron has not given up any opportunity to recover against the corporate defendant by relying on the judgment against Greene, the individual defendant.

Third, defendant Greene has presented an arguably meritorious defense in support of the motion. He claims that reinstatement of a corporate charter suspended for failure to pay taxes relates back to the date of repealer. Plaintiff disagrees, contending that even if reinstatement were granted, it would only entitle the corporation to continue its business effective that date, with no relation back. On this issue, New Jersey court decisions hold that a Governor's proclamation of repealer does not destroy a corporation named in it, but merely suspends the powers of the corporation until there has been a compliance with N.J.Stat.Ann. § 54:11–5 (West), the statute permitting reinstatement of a corporate charter upon payment of delinquent taxes. *J.B. Wolfe, Inc. v. Salkind*, 3 N.J. 312, 317–19, 70 A.2d 72, 75–76 (1949); *see also Higi v. Elm Tree Village*, 114 N.J.Super. 88, 91, 274 A.2d 845, 848 (1971); *Malavasi v. Villavecchia*, 62 N.J.Super. 510, 514, 163 A.2d 214, 216 (1960). Furthermore, it is arguable that reinstatement relates back to the date of the proclamation of repealer, validating corporate action taken in the interim. *J.B. Wolfe, Inc. v. Salkind, supra; see also Higi v. Elm Tree Village, supra; Malavasi v. Villavecchia, supra.* Though defendant has not yet paid the delinquent taxes, the court feels that a full and complete determination of the reinstatement question, heard on the merits, would be just in view of the particular considerations and circumstances of this case. There are three other individuals involved in litigating the issue of liability to Ticketron incurred by continuing to carry on the business of Record Museum while its corporate charter was suspended. It costs nothing in judicial time, therefore, to allow movant to open judgment and defend the case on the merits. Therefore, I will grant defendant Greene's motion to open judgment.