951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WHITTAKER CORPORATION and Whittaker Controls, Inc.,
Plaintiffs-Appellees,
v.
Execuair CORPORATION, et al, Defendants.
Jonathan Manhan, Appellant.
 No. 89-55244.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1991.
Decided Dec. 16, 1991.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jonathan Manhan appeals from the default judgment entered against him on February 10, 1989. In addition, Manhan objects to the scope and propriety of the sanctions awarded by the district court. Manhan seeks reversal on the following grounds:
 
 
 3
 One. The district court abused its discretion by refusing to set aside the default judgment on the grounds of surprise under Rule 60(b).
 
 
 4
 Two. The district court abused its discretion by imposing improper sanctions for the violation of the order entered on June 9, 1987. (June, 1987 Order).
 
 
 5
 We affirm because we conclude that the default judgment was properly entered. The record shows that Manhan failed to file a response to the appellees' written specification of the facts supporting their claim that Execuair was in contempt of the court's June, 1987 Order (Whittaker's Application Re Contempt). Accordingly, we do not reach Manhan's claim that the sanctions imposed by the court for the contempt were improper.
 
 I.
 
 6
 Manhan contends that he had reasonably believed that he was represented by counsel and that he was surprised when an answer to Whittaker's Application Re Contempt was not filed. Manhan further asserts that he had not realized that the district court had ordered him to respond to Whittaker's Application Re Contempt. A district court may relieve a party from a final judgment based on "mistake, inadvertance, surprise, or excusable neglect." Fed.R.Civ.P. 60(b). The denial of a motion to set aside a default judgment under Rule 60(b) may only be reversed upon a "clear showing" of abuse of discretion. E.g., Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 690 (9th Cir.1988). A district court has discretion to deny a Rule 60(b) motion if (1) the plaintiff will be prejudiced if the motion is granted; (2) the defendant has no meritorious defense; or (3) the defendant's culpable conduct led to the default. Direct Mail Specialists Inc., 840 F.2d at 690; Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.1987); Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985). Jonathan Manhan has failed to demonstrate that the appellees would not be prejudiced if the judgment were set aside or that he has a meritorious defense to the contempt allegations.
 
 
 7
 The record shows that in August, 1987, the court issued an order to show cause for contempt of the June, 1987 Order. The order to show cause was served on Execuair, EPN Corporation, and each of the Manhans, including Jonathan Manhan. Donald Cislo, the attorney for Execuair, EPN Corporation, Jonathan Manhan, and the other Manhan defendants, appeared on behalf of all the defendants.
 
 
 8
 In September of 1987, the law firm of O'Donnell & Gordon substituted for Cislo. Later in the month, O'Donnell & Gordon represented Jonathan Manhan at his deposition. In December of 1987, Whittaker filed another application for a temporary restraining order and order to show cause re: contempt for violation of the June, 1987 Order. Jonathan Manhan filed a declaration in opposition to the application. O'Donnell & Gordon again represented Jonathan Manhan at his deposition.
 
 
 9
 O'Donnell & Gordon sought to withdraw as counsel of record in January, 1988. The court, concerned about extending already protracted litigation, conditioned the withdrawal of O'Donnell & Gordon on the firm finding new counsel for each defendant. On February 11, 1988, Mr. Thomas Nishi substituted for O'Donnell & Gordon on behalf of Execuair, Lawrence Manhan and David Manhan. O'Donnell & Gordon never appeared again on behalf of any client in the case. As the case proceeded, Mr. Nishi submitted pleadings solely on behalf of Execuair, Laurence Manhan, and David Manhan.
 
 
 10
 On November 21, 1988, Mr. Nishi informed the court that he represented only Lawrence and David Manhan and the Execuair companies. Mr. Nishi stated on the record that he had not been retained to represent Jonathan Manhan or the EPN Corporation. In response to Mr. Nishi's claim that Whittaker should have found out whether Jonathan Manhan was ready to proceed to trial, the court stated:
 
 
 11
 I don't think you can shift the burden over to the plaintiff in that fashion. They have effected service insofar as I understand the state of the record now. Failure on the part of Jonathan Manhan or E.P.N. to respond in any fashion, to file any pleadings, doesn't somehow shift the burden back to the plaintiff to demonstrate that there has been no response and they are not participating. I think that E.P.N. and Jonathan run the risk of whatever consequences flow from their inaction.
 
 
 12
 It is undisputed that Jonathan Manhan was physically present when the court made this statement. Jonathan Manhan made no response to the court's admonition.
 
 
 13
 On December 1, 1988, Mr. Nishi objected to Whittaker's introduction of evidence concerning misconduct which had not been alleged in the temporary restraining order and order to show cause issued in August, 1987. As a result of Mr. Nishi's objection, the court ordered Whittaker to submit a statement of all the alleged contumacious acts committed by the defendants (Whittaker's Application Re Contempt). The court ordered Whittaker to file this document by December 12, 1988. After discussing Mr. Nishi's schedule, the court ordered him to file his response by December 19, 1988. The court did not expressly order Jonathan Manhan to respond.
 
 
 14
 Whittaker's Application Re Contempt was served on Jonathan Manhan on December 12, 1988. In Whittaker's Application Re Contempt, Whittaker stated that "if either Johnathan [sic] Manhan or EPN fails to file a responsive pleading to Whittaker's Application Re Contempt and/or fails to present any evidence contradicting that presented by Whittaker, this Court may hold either or both in contempt based on Whittaker's averments alone." Nevertheless, Jonathan Manhan failed to respond.
 
 
 15
 The court found Jonathan Manhan in default of the June 1987 order on January 4, 1989. On January 23, 1989, Jonathan Manhan filed a motion for relief from the default judgment, claiming surprise under Rule 60(b). He asserted that he had been surprised by his abandonment by O'Donnell & Gordon and that this abandonment led directly to the default. Jonathan Manhan did not contend that he was unaware that he had to respond to Whittaker's Application Re Contempt. Although Jonathan Manhan requested relief from the default judgment, he did not contest the validity of the remedies fashioned by the court after finding him in contempt.
 
 
 16
 On February 6, 1989, the district court granted Jonathan Manhan's request to continue the hearing in order to allow him to obtain counsel. On February 13, 1989, the court conducted a hearing on Jonathan Manhan's motion to vacate the default judgment regarding the contempt proceedings. Jonathan Manhan argued that his confusion regarding the nature and scope of his legal representation had resulted in his surprise at the entry of the default judgment. He did not allege any contact with O'Donnell & Gordon between February, 1988 and November, 1988. He did not contact O'Donnell and Gordon after it became clear on November 21, 1988 that Mr. Nishi did not represent him. Jonathan did not allege he had been surprised that he had to respond to Whittakers Application Re Contempt at any time during the Rule 60(b) proceeding.
 
 
 17
 At the Rule 60(b) hearing, the district court rejected Jonathan Manhan's contention that he had been confused over the nature and scope of his representation. It stated that Jonathan Manhan's opposition to the entry of the default judgment contained allegations that "were just simply untrue.... I am disturbed to be confronted with a situation where Mr. Manhan says that he was taken by surprise when there is just absolutely no possible way he could have been taken by surprise." The court stated:
 
 
 18
 ... [W]hen we commenced the hearings on this contempt proceeding, Mr. Nishi stood up in the presence of Mr. Jonathan Manhan and made it abundantly clear that he was not representing either Jonathan or EPN. Mr. Manhan, unless he has an extremely complicated hearing problem, had to have heard all of that. For him to thereafter say that he was taken by surprise, as I view the record, it is just an absolute misstatement of fact.
 
 
 19
 A district court does not abuse its discretion in denying a Rule 60(b) motion if it determines that the defendant's culpable conduct led to the default judgment. Direct Mail Specialists, Inc., 840 F.2d at 690; Meadows, 817 F.2d at 521. The record shows that Jonathan Manhan had no contact with O'Donnell & Gordon after they withdrew in February of 1988. On November 21, 1988, he was present in court and had actual notice that Mr. Nishi did not represent him. He was served with Whittaker's Application Re Contempt. Despite the fact that the document specifically warned him of the consequences of not replying, he made no attempt to contact O'Donnell & Gordon or any other attorney.
 
 
 20
 In this appeal, Jonathan Manhan claims, for the first time, that he was unaware that he had to file a response to Whittaker's Application Re Contempt. As a general rule, an appellate court will not hear an issue raised for the first time on appeal. Bolker v. Commissioner of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir.1985); Rothman v. Hospital Service of Southern California, 510 F.2d 956, 960 (9th Cir.1975). Since Jonathan Manhan never presented this contention to the district court, we will not consider its introduction on appeal.
 
 
 21
 Jonathan Manhan's reliance on Ticketron v. Record Museum, Inc., 92 F.R.D. 6 (E.D.Pa.1981) is misplaced. In Ticketron, the district court found that the defendant's failure to file a responsive pleading was excusable. Id. at 7. The record in Ticketron showed the defendant assumed that corporate counsel would represent him and respond to the complaint. Id. Once informed that he was not represented, the defendant immediately secured counsel and filed an answer to the complaint two days later. Id.
 
 
 22
 In Direct Mail Specialists, Inc., 840 F.2d at 685, as in this matter, the defendant failed to file a responsive pleading. Id. at 690. In Direct Mail Specialists, Inc., we concluded that the district court did not abuse its discretion in denying a Rule 60(b) motion because the defendant failed to respond after receiving actual or constructive notice. Id. The district court did not abuse its discretion in denying Jonathan Manhan's Rule 60(b) motion because he had actual notice that he was not represented by counsel and was expressly warned that a failure to respond to Whittaker's Application Re Contempt could result in a finding of contempt.
 
 II.
 
 23
 Jonathan Manhan also challenges the merits of the order entered by the court following his default. We do not reach this contention because no challenge was made in the district court to the validity of the order entered because of the default.
 
 
 24
 In Wanderer v. Johnston, 910 F.2d 652 (9th Cir.1990), we held that the appellants could not challenge a default judgement that awarded twenty-five million dollars in damages. Id. at 657. In Wanderer, both sides had consented to the entering of final judgment after the district court had approved the magistrate's order. Id. The order listed each claim and the amount of damages. The defendants filed no opposition to the order. Although they had notice, they did not appear at the hearing to assess damages. We explained our affirmance in Wanderer as follows: "[W]e will not permit a litigant to play cat and mouse with the court, waive his right to appear at the most important hearing in the litigation and then come forward and claim that the court was in error in proceeding as it did." Id. at 657-58, (quoting Davis v. Fendler, 650 F.2d 1154, 1162 (9th Cir.1981)). Jonathan Manhan has forfeited his right to contest the judgment entered by the court.
 
 
 25
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3