**John I. SMITH and Patricia N. Smith, Co–Administrators of the Estate of Patricia Marie Smith, Deceased, and Natural Guardians of Johnathon Smith, Plaintiffs,**

v.

**CITY OF CHESTER, Chester–Upland School District, Chester–Upland Board of School Directors and City of Chester Police Department, Defendants.**

No. 93–CV–5891.

United States District Court, E.D. Pennsylvania.

Jan. 3, 1994.

Anthony F. List, List & List, P.C., Media, PA, for plaintiffs.

William F. Holsten, II and Paola F. Tripodi, Holsten & White, Media, PA, for defen-

dants, City of Chester and Chester Police Dept.

Phillip B. Silverman, Harris & Silverman, Philadelphia, PA, for defendants, Chester–Upland School Dist. and Bd. of Directors.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Before the Court is the motion of plaintiffs for default judgment against defendants City of Chester and City of Chester Police Department pursuant to Rule 55 of the Federal Rules of Civil Procedure. Plaintiffs request that the Court enter default judgment against defendants because they failed to answer the complaint within twenty days after service as required by Rule 12(a) of the Federal Rules of Civil Procedure. Plaintiffs claim that service was made upon defendants on November 9, 1993. They filed the present motion on December 6, 1993.

In response, defendants state that there is excusable neglect for their failure to answer the complaint within the requisite time period. Defendants claim that once they were served, they sent the complaint to their insurance carrier and asked that a defense be provided for them. The carrier is located in Scottsdale, Arizona. Subsequently, the parties became engaged in a dispute over insurance coverage, and no attorney was retained during this time by defendants. Apparently, once defendants retained an attorney, he contacted plaintiffs' attorney to request an extension of time in order to answer the complaint. He then discovered the present motion (which had been served on the other defendants' attorney in this case). Defendants filed their answer to this motion along with an answer to the complaint on December 15, 1993, approximately two weeks after the answer to the complaint was due.

■ Rule 55(c) states: "For good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c). A motion to set aside an entry of default is discretionary with the court. *Spica v. Garczynski,* 78 F.R.D. 134, 135 (E.D.Pa.1978) (citations omitted). In considering whether to set aside an entry of default, courts consider the following factors: "1) whether the defendant's failure to plead was due to excusable neglect or mistake; 2) whether granting of the motion would work prejudice to plaintiff; and 3) whether a meritorious defense has been presented in support of defendant's motion to set aside the judgment." *Ticketron v. Record Museum, Inc.,* 92 F.R.D. 6, 6 (E.D.Pa.1981) (citing *Medunic v. Lederer,* 533 F.2d 891, 893 (3rd Cir.1976)). Courts use a liberal standard rather than a standard of strictness in determining whether to set aside an entry of default, so that cases may be decided on their merits. *Id.*

■ Based on the above factors, it appears that defendants have shown good cause in this case, therefore, we will set aside the entry of default. First, there is excusable neglect in this case. It appears that no attorney was retained by defendants during the dispute with the insurance carrier over coverage. Once defendants retained an attorney, he contacted plaintiffs' attorney and was notified about this motion. Thus, defendants did act diligently in attempting to retain an attorney, however, they simply failed to retain one in time to answer the complaint because of the dispute. Moreover, defendants were not served with a copy of the present motion when it was filed with the court, because they had not yet retained counsel. Finally, given that the answer was filed approximately two weeks after its due date, defendants have answered the complaint as promptly as possible in light of the circumstances. Based on all of the above, it does not appear that defendants simply ignored the court's deadlines out of sheer neglect, therefore, there has been excusable neglect in this case. *See Ticketron,* 92 F.R.D. at 7 (neglect was excusable where defendant sent complaint to corporate counsel and assumed he was being represented by him, and promptly retained another attorney when he discovered corporate counsel did not answer complaint on his behalf).

■ Second, there would not be prejudice to plaintiffs in setting aside the entry of default. Plaintiffs have filed this complaint against four defendants in this case, two of which are the subject of the present motion.

These claims all sound in negligence, and allege that the death of plaintiffs' daughter and injuries to their son resulted because of the alleged negligence of the defendants in employing and supervising the school crossing guard, who was not on duty when plaintiffs' children were struck by an automobile as they attempted to cross the street. Thus, even if we granted plaintiffs' motion, there would be two remaining defendants in this case. There is no prejudice to plaintiffs by requiring them to prove their case against all four defendants, as opposed to only two of them, given that the claims against all four defendants are practically the same, and all stem from the same incident. *See Nash v. Signore*, 90 F.R.D. 93, 95 (E.D.Pa.1981) (no prejudice to plaintiff in setting aside entry of default judgment where only disadvantage to plaintiff is that he must establish the merit of his claims).

■ Finally, there is evidence of a meritorious defense by defendants. Defendants' answer to the complaint contains fourteen affirmative defenses as well as a cross-claim against the other two defendants in this case. Defendants claim, in part, that they are immune from suit under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 *et seq.*, that the statute of limitations has run, that there has been contributory negligence by the plaintiffs, and that there can be no recovery by virtue of the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. § 7102. Although it is not the job of the Court to decide these defenses at this point in time, we note that many of the defenses alleged by defendants involve questions of law, which, if they are applicable, will defeat plaintiffs' claims. As such, we hold that there is enough evidence of a meritorious defense.

Given that all three factors of good cause have been shown in this case, we will set aside the entry of default judgment. An appropriate order follows.

### ORDER

AND NOW, this 3rd day of January, 1994, upon consideration of the motion of plaintiffs, John I. Smith and Patricia N. Smith, for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure, and the response of defendants City of Chester and City of Chester Police Department, it is hereby ORDERED that plaintiffs' motion is DENIED.