MEMORANDUM AND ORDER

JOYNER, District Judge.
Presently before the Court is the motion of plaintiff Roger Bieros, for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Plaintiff, a pro se prisoner incarcerated at the state correctional institution located in Graterford, Pennsylvania, seeks default judgment against all police officers named in the original complaint as defendants[1] on the basis that they failed to respond, defend, plead or otherwise answer the allegations raised in the complaint. However, for the following reasons, we will deny plaintiffs motion.
The pertinent facts are as follows. Plaintiff filed his complaint on September 1, 1993 alleging violations of his civil rights along with constitutional violations arising from his arrest and subsequent conviction on assault charges by defendants as well as other defendants not the subject of the present motion. Defendants were not served with the complaint until November 1, 1993. At that time, they immediately forwarded the papers to their professional liability insurance carrier, The Home Insurance Company (“THIC”), located in Jersey City, New Jersey. On January 10, 1994, plaintiff filed the present motion. However, counsel for defendants was not approved and appointed by THIC until January 27, 1994. Thereafter, defendants’ counsel answered the complaint on January 31,1994. Defendants further assert that they were not served with a copy of the motion for default. Indeed, although there is a certificate of service attached to the motion, it appears a copy of the motion was sent to the Borough Solicitor’s Office at the Montgomery County Courthouse in Norristown, Pennsylvania, which has no apparent interest in this litigation.[2]

Standard

Rule 55(c) states: “For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).” Fed.R.Civ.P. 55(c). A motion to set aside an entry of default is discretionary with the court. Spica v. Garczynski, 78 F.R.D. 134, 135 (E.D.Pa. 1978) (citations omitted). In considering whether to set aside an entry of default, *683 courts consider the following factors: “1) whether the defendant’s failure to plead was due to excusable neglect or mistake; 2) whether granting of the motion would work prejudice to plaintiff; and 3) whether a meritorious defense has been presented in support of defendant’s motion to set aside the judgment.” Ticketron v. Record Museum, Inc., 92 F.R.D. 6, 6 (E.D.Pa.1981) (citing Medunic v. Lederer, 533 F.2d 891, 893 (3rd Cir.1976)). Courts use a liberal standard rather than a standard of strictness in determining whether to set aside an entry of default, so that cases may be decided on their merits. Id.

Discussion

Applying the above standard to the facts in this case, we find that an entry of default against defendants is not warranted in this case. First, defendants’ failure to answer the complaint within twenty days of service as required by Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure is excusable. As defendants assert, counsel was not appointed by their insurance carrier until January 27, 1994, after plaintiff had filed his motion. However, defendants indicated that they sent the summons and complaint to THIC shortly after being served, and have attached a letter to their response indicating receipt by THIC in mid-November. Further, defendants’ counsel filed an answer to the complaint four days after he was appointed by THIC. As such, defendants’ neglect is excusable. See Smith v. City of Chester, No. 93-CV-5891, 1994 WL 2527 (E.D.Pa. Jan. 5, 1994) (this Court held neglect was excusable where no attorney was hired because of dispute with insurance carrier over coverage and defendant answered complaint soon after hiring attorney); Ticketron, 92 F.R.D. at 7 (neglect was excusable where defendant sent complaint to corporate counsel and assumed he was being represented by him, and promptly retained another attorney when he discovered corporate counsel did not answer complaint on his behalf).
Second, there is no prejudice to plaintiff in denying plaintiffs motion. Given the predisposition of courts to remove an entry of default so as to try cases on their merits, there is no prejudice to plaintiff in requiring him to prove his claims. See Nash v. Signore, 90 F.R.D. 93, 95 (E.D.Pa.1981) (no prejudice to plaintiff in setting aside entry of default judgment where only disadvantage to plaintiff is that he must establish the merit of his claims).
Finally, there is evidence of a meritorious defense in this ease. Defendants have filed an answer which specifically denies that the conduct complained of by defendants occurred. They further assert twenty-four affirmative defenses. Many of these defenses, such that the statute of limitations has run, defendants have immunity under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 et seq., and absolute immunity, involve questions of law, which, if they are applicable, would defeat plaintiffs claims. While we make no finding about the applicability of these defenses with regard to the facts of this case, we hold that defendants have asserted meritorious defenses.
Thus, given that there exists in this case excusable neglect, meritorious defenses and no prejudice to plaintiff, we find there is good cause to set aside the entry of default, and to deny plaintiffs motion in this ease.

. The police officers consist of defendants Cane, Nicola, Boland, Martynuik, Pizza, Vuotto, and one Unknown Police Officer. They shall be referred to as defendants throughout this opinion.

. Defendants also assert that no amended complaint has been filed in this case in accordance with our December 9, 1993 order dismissing the complaint as to the other defendants in this case. However, plaintiff filed an amended complaint on January 14, 1994. It appears that plaintiff does not understand that copies of each pleading, motion, response to motions, etc. are to be served upon counsel for all other parties, despite our Order dated August 31, 1993 indicating as such, and that if there is no certificate of service, a document may be disregarded by the Court. See Order, para. 4. While we may properly disregard plaintiff’s motion on this basis alone because defendants were not properly served with it, we decline to do so. We note for future reference that all documents, in addition to filing them with the Clerk of Court, must be sent to both: Jonathan F. Altman, Altman & Associates, One Independence Mall, 615 Chestnut Street, Suite 1240, Philadelphia, PA 19106 and Walter S. Jenkins, 1515 Market Street, 19th Floor, Philadelphia, PA 19102, the attorneys representing the defendants in this matter.